## BRIGGS AND BRIGGS v. GLENN AND BRYAN.

Where a bond is altered or changed in a material part by the obligee—as by the erasure of the names of some of the obligors, without the. assent of the others, all the obligors are discharged.

Appeal from the Circuit Court of Monroe county.

CLARK for Appellants.

*Opinion of the Court, delivered by Tompkins, Judge.*[*]

Glenn and Bryan commenced their suit in the circuit court against Ebenezer and David Briggs, and having obtained a judgment there against the two Briggs's, they appealed.

---

[*]Napton, Judge, absent from the bench.

On the trial of the cause, the plaintiffs having given the bond in evidence, the defendants introduced as a witness one William B. Grant, who testified that Samuel Briggs, Robert West, and himself, on the 4th day of February, 1837, the day of the date of the bond sued on, purchased a store of the plaintiffs, for which they executed the said bond, and also a deed of trust conveying the store, and legal estate of the witness to secure the payment thereof; that some time during the summer after the bond in question was executed, Samuel Briggs purchased out the interest of witness and West in the store, and by agreement was to release him to Glenn and Bryan; that Glenn informed witness, that he had agreed to release him as soon as Samuel Briggs gave the defendants, and others, as personal security; that some time in the fall, after the bond sued on was executed, the witness saw James R. Abernathy, in the presence of Glenn, erase the name of witness from the bond sued upon; that neither of the defendants were present. Witness is confident the name of Ebenezer Briggs was to the bond when the witness's name was erased, and he believes that David A. Briggs' name was also to it, but is not certain.

Robert West stated that his name was signed to this bond originally as one of the obligors, that it was afterwards erased from it.

The plaintiffs then introduced James R. Abernathy as a witness, who testified that Samuel Briggs, Glenn, and Bryan informed him that Samuel Briggs had purchased out Grant's interest in the store, for which the bond in this case was given, also a deed of trust upon Grant's real estate and the store had been given; that Samuel Briggs had agreed to release Grant and West, upon the two defendants in this cause, with others, signing the bond as personal security; that the witness went out to D. A. Briggs', one of the defendants, and told him that Samuel Briggs had purchased Grant's interest, and had agreed to release Grant and Robert West, and that he, the witness, had been sent to the defendant by Samuel Briggs, to get him to sign the bond, as security, to ena-

*(margin)* AUG. TERM, 1842.

Briggs and Briggs v. Glenn and Bryan.

Briggs and
Briggs
v.
Glenn and
Bryan.

ble the said Samuel Briggs to release Grant and West; that he did not tell the defendant that Grant's and West's names were to be erased from the bond; that said defendant, D. A. Briggs, then signed said bond; at the time he signed it, the names of Grant and Robert West were on it; that the same day, after the defendant, D. A. Briggs, signed said bond, the names of Grant and West were erased from the same; that neither of the defendants were present when it was done; that Ebenezer Briggs' name was to the bond before Grant's and West's were taken off; that said Ebenezer told witness that he had authorized Samuel Briggs to sign his name to the bond, but never heard him say any thing about knowing that Grant and West were to be released.

This was all the evidence in the cause. The defendants then prayed the court to give these instructions to the jury.

1st. That if they believed from the evidence that the bond sued on was altered or changed in any material part by erasing the names of any of the obligors, after the defendants or any of them had signed it, without the knowledge or consent of the defendants, they must find for the defendants.

2d. That if they believed that the names of Grant and West, or either of them, were erased or stricken out of the bond without their knowledge or consent, they will find for the defendants.

3d. That if the bond sued on in this case be not the deed of both defendants, the plaintiffs cannot recover in either action.

The court refused them, and, on motion of the plaintiff, instructed the jury, That if they believed the names of Grant and West had been erased from the bond, yet if they believed that either of the defendants assented to it, they would find for the plaintiffs; but if neither of them consented to the erasure, they would find for the defendants.

The defendants excepted to the opinion of the court, both in refusing to give the instructions asked by them-

selves, and in giving those asked by the plaintiffs. The defendants also prayed a new trial because, as they charge, the jury were misinstructed.

AUG. TERM, 1842.

Briggs and Briggs v. Glenn and Bryan.

The first section of the act to amend an act regulating practice at law declares that "In actions founded on contract, and instituted against several defendants, the plaintiff shall not be nonsuited by failing to prove that all the defendants are parties to the contract, but may have judgment against such of the defendants as shall have been proved to be parties to the contract, &c. Page 99 of the pamphlet acts of 1838-9.

This section of the act of 13th February, 1839, above cited, would preclude the court from giving the third instruction asked by the defendants.

But it is difficult to conceive why the court should have refused the first and second instructions asked by the defendants. Grant had testified that his name as obligor to that bond had been erased by Abernathy, neither of the defendants being present. That he is confident the name of Ebenezer Briggs was then to the bond as obligor, and that he believed that the name of David A. Briggs was also subscribed to it, but is not certain. Nothing can be more clear than that this bond is void as to both of these defendants, if, when they signed it, they believed that Grant was to be jointly bound with themselves; or if one of them only thought so, it was void as to him, after the erasure of Grant's name, and being made void as to one of the defendants by the erasure of Grant's name, it consequently became void as to the other defendant, who had executed it with the belief that his co-defendant was jointly bound. The only testimony we have to counteract that of Grant, is that of Abernathy. He says that Samuel Briggs, Glenn, and Bryan, had informed him, among other things, that Samuel Briggs had agreed to release Grant and West, &c., and that he went out to D. A. Briggs', one of the defendants, and told him that Samuel Briggs had purchased Grant's interest, and had agreed to release Grant and West, and that he, the witness had been sent to the defendant by Samuel Briggs, to get him

*Where a bond is altered or changed in a material part by an obligee, as by the erasure of the names of some of the obligors, without the assent of the others, all the obligors are discharged.*

AUG. TERM,
1842.

Briggs and
Briggs
v.
Glenn and
Bryan.

to sign the bond; that when D. A. Briggs signed the bond the names of Grant and West were to it, and that their names were afterwards erased, neither of the defendants being present.

This is the evidence on which we are to believe, and the jury to find, that these two defendants had assented to the erasure of the names of Grant and West from the original bond, after their own names had been subscribed to said bond, apparently as joint obligors with Samuel Briggs and the said Grant and West. The word "release," is here used in its technical sense, and it might have been expected that the plaintiffs would have proved facts to show the assent of the defendants to the erasure of the names of Grant and West, and not have left a jury to infer from the declaration of the witness, that one of them, David A. Briggs, had been told by him that Grant and West were to be released. It is not even in evidence that either of the defendants knew any thing of the meaning of the word "release," and if we consider for a moment how inaccurately the witness himself uses that word, we shall have little reason to believe that the defendants understood its import. Throughout his testimony he talks of Samuel Briggs releasing Grant and West, his co-obligors, from their joint liability to pay the money for which his bond was executed to Glenn and Bryan.

Every body must see that if they are to be released at all, it can be done by and with the consent of Glenn and Bryan only. While Mr. Abernathy, the acting lawyer, uses law terms so inaccurately, it is unreasonable to presume that these unlearned defendants understood well the legal import of the technical word "release." Nothing appears to me more clear than that it ought to have been left to the jury to find whether these defendants assented either expressly or impliedly to the erasure of the names of Grant and West, after their own had been subscribed as obligors. And if either of them were ignorant that those names were to be erased when his own was subscribed, the bond as to him is void; and if void

as to him, it is also void as to the other, who calculated on the joint liability of his co-obligor.

The first and second instructions of the defendants ought then to have been given, and that of the plaintiffs ought not to have been given.

Believing, then, that under the influence of the court, the jury have found what they would not have done, had the instructions refused been given, and that given been refused, its judgment ought in my opinion to be reversed, and the cause remanded.