HARPER and Others *v.* THE STATE, on the Relation of the
Board of Commissioners of Knox county.

If after the execution of a bond by several persons, it be altered by inserting
in the body of it the names of others as co-obligors, and by adding their
signatures to it, and the circumstances under which the alteration was
made be not explained by the obligee, the bond will be considered void as
to the first obligors.

A suit on the bond against all the obligors cannot, in such case, be sustained.

ERROR to the *Knox* Circuit Court.

BLACKFORD, J.—This was an action of debt brought by the
state, on the relation of the board of commissioners of *Knox*
county, against *Jacob Harper, Martin Robinson, John Collins,
Isaac Coons, Jonathan P. Cox, George Calhound,* and *John
Weaver.* The suit is founded on a joint and several bond,
executed by the defendants and one *John K. Kurtz,* whom
the defendants had survived, in the penalty of 4,000 dollars,
conditioned for the faithful discharge, by *Harper,* of certain
duties, &c. Two of the defendants, *Robinson* and *Collins,*
pleaded *non est factum,* upon which issue was joined. There
were issues on other pleas which it is not necessary to no-
tice. One of the pleas was demurred to and the demurrer
correctly sustained. The cause was submitted to the Court,
and judgment rendered for the plaintiff.

On the trial, the plaintiff offered in evidence the bond de-
clared on, and introduced a subscribing witness who stated
that, on, &c., the bond was executed by *Harper, Kurtz,
Robinson,* and *Collins;* that two years after such execution of
the bond, the same was altered by inserting the names of the
other defendants as co-obligors in the bond, and by adding
their signatures to it; and that he, the witness, was not
aware that *Robinson* and *Collins* assented to the alteration.
The defendants, thereupon, objected to the bond as evidence,
but the objection was overruled.

We think the bond, according to the facts proved, could
not be considered valid as to the defendants who pleaded
*non est factum.* It appears that two years after the defen-
dants who so pleaded had executed the bond, it was altered
in a material part by its being executed by several other
persons, and by the insertion of their names in the body of it;

Nov. Term, and there was no evidence that the alteration was made with
1843.      the consent of the two defendants who had previously exe-

STRONG      cuted it, and who pleaded *non est factum.* In the absence of
v.          all explanatory evidence, the alteration, made after the said
BRAGG.      two defendants had executed the bond, must be presumed to
have been made with the assent of the relator, and without
the assent of those two obligors. The consequence is, that
the bond was void as to two of the obligors, and that the suit
against them and the other defendants, founded on the bond,
ought not to have been sustained.

*Per Curiam.*—The judgment is reversed at the costs of
the relator. Cause remanded, &c.

*J. Law*, for the plaintiffs.

*S. Judah*, for the defendant.