Bowers' Adm'r *v.* Briggs et al.

BOWERS' Adm'r *v.* BRIGGS *et al.*

| 20 | 139 |
| 151 | 679 |

ALTERATION OF NOTE.—The alteration of a note, procured by the payee, by the addition of the name of another person as a maker, after it had been executed and delivered to the payee by the former parties, and without their consent, renders the note void as to such original parties.

TESTIMONY OF ATTORNEYS.—In such case, it was attempted to show, by the testimony of an attorney, in reference to two of the parties to the original note, and for the purpose of showing assent by them to the alteration, that they offered to confess a judgment on the note now in suit, if I, (the attorney,) thought they could do it with safety, and I, knowing that said *L.* and *T.* had signed the note as sureties, and *B.* being the principal, they could not confess judgment with safety to themselves; and it appeared that such admission was made to the attorney of the plaintiff in a former suit on the same note, by two of the parties who were sureties on the note.

*Held,* that such admission was not competent evidence against them, because it was obviously addressed to the attorney in order to elicit a legal opinion from him touching the rights of the parties, as between themselves, and is therefore entitled to the protection accorded to communications made to an attorney in professional confidence, and ought not to have been disclosed; and the facts that the admission was made to the attorney of the plaintiff and not of these parties, could make no difference, because if the attorney of their adversary would consent to act as their attorney, and advise them, the rule should still apply, whether the attorney was paid for his advice or not.

APPEAL from the *Vigo* Circuit Court.

WORDEN, J.—This was an action by *Wilson*, as administrator of *Silas Bowers*, deceased, against *Briggs, Laney* and *Lewis*, upon a promissory note, of which the following is a copy:

" $2,000. *December* 29th, 1840.

Six months after date, we, or either of us, promise to pay

*Silas Bowers* or order, the sum of 2000 dollars, if not paid when due, to draw 10 per cent. interest, per annum, till paid, whether in note or judgment, for value received.

Signed:                                        · JOHN BRIGGS, JR.,

                                                        JAMES LANEY,

                                                        ISAAC LEWIS,

                                                        SAMUEL THOMPSON,

                                                        JOHN MEDLEY."

*Thompson* was not sued, and *Medley* was alleged to have been dead at the time the suit was brought. The defendants *Briggs, Laney* and *Lewis* answered. Their answer was such as to admit, in evidence, the defense hereinafter stated. Issue, trial, verdict and judgment for the defendants.

It appears by the answers of the jury to interrogatories that, after the note had been signed by the makers, other than *Medley,* and delivered to the payee, viz: on the 27th of *October,* 1841, *Medley* who lived in the county of *Vigo,* signed it as one of the makers, at the instance of *Bowers,* in order to enable the latter to bring suit upon it in the county of *Vigo,* the other makers living in *Parke.*

The principal question in the cause is whether the alteration of the note, procured by the payee, by the addition of ·the name of another party as maker, after it had been executed and delivered to the payee by the former parties, and without their consent, rendered it void as to such original parties.·

That such alteration avoided the note as against the original parties, we have no doubt. *Harper* v. *The State,* 7 Blackf. 61; *Henry* v. *Coats,* 17 Ind. 161; *Chappell* v. *Spencer,* 23 Barb. 584. In the latter case, the authorities are very fully collected and discussed. *Vide* also 2 Parsons on Notes and Bills, p. 556–7. Another question is made. The plaintiff had taken the deposition of Judge *Kinney* in order to prove a subse-

Bower's Adm'r *v.* Briggs et al.

quent assent to the alteration of the note, on the part of two of the original makers, viz: *Lewis* and *Thompson.* On motion of the defendants, the following passage in the deposition was stricken out, and the plaintiff excepted: "They offered *to* confess judgment on the note now in suit, if I thought they could do it with safety; and I, knowing that said *Lewis* and *Thompson* had signed the note as sureties, and *Briggs* being the principal, they could not confess judgment with safety to themselves."

The whole deposition of Judge *Kinney* is not properly before us, not being copied in the bill of exceptions; the following, however, is the ground of the ruling, as stated by the Court below: "On a motion to strike out a part of the deposition of Judge *Kinney*, it appeared to the Court upon an inspection of the record, that in 1841 a suit was instituted upon the note (now) sued on, and that the second plea then filed, alleged, amongst other things, that the note had been changed after it was executed by the payors, who resided in *Parke* County, by the payee having procured, without the knowledge or consent of the original payors, another person, in *Vigo* County, to sign it. The admission testified to, was made to the attorney of the plaintiff in the case, and was by those who were sureties to the note. As the proposition was made thus, as far as we can see from the deposition, in a conditional or alternative form, we can not come to any other conclusion than that it was intended as a legal proposition, or in the form of a question to elicit a legal opinion from Judge *Kinney* as to the rights of the parties defendant in the case as between themselves, and consequently it was a communication that ought not to have been disclosed by the attorney to whom the question was addressed."

The offer to confess judgment in the manner stated, might have had some tendency to show an assent to the alteration of the note, but we are of opinion that the ruling was correct

on the ground stated below.   Judge *Kinney*, as attorney for
the plaintiff, was prosecuting a suit against the makers of
the note.   Some of these makers were sureties.   They were
willing that judgment should go against them if it could be
done "with safety to themselves," that is, we suppose, if they
would not have it to pay, or if, having paid it, they could re-
cover it back from the principal.   The point on which they
wanted light was as to the effect of a judgment against them,
as between themselves and their principal.   To be enlightened
on this point they applied to Judge *Kinney*, undoubtedly in
the capacity of an attorney and professional adviser, offering
to confess judgment, if, in his opinion as such attorney and
adviser, they could do it with safety.   But it is objected that
Judge *Kinney* was the attorney of the plaintiff in that suit,
and not the attorney of the defendants, and therefore that
the communication can not be privileged.   We are not ad-
vised by the record that *Lewis* and *Thompson* at that time,
had any other attorney, but if they had it can make no dif-
ference.   If there be anything wrong in the matter, it was in
the course pursued by Judge *Kinney*, in giving advice to the
defendants while he was prosecuting the claim against them;
in consenting to act as their professional adviser in a matter
so intimately connected with the subject in which he was
employed adversely to them.   He did thus consent to act as
their legal adviser, by giving them his opinion upon the point
upon which they sought it.   We do not, however, see any-
thing reprehensible in the course pursued by Judge *Kinney*.
He was consulted and gave his advice upon a point in respect
to which, the plaintiff in the case then pending, had no in-
terest; upon a question as to rights of the defendants as be-
tween themselves; and his advice was certainly very proper
and correct.   That *Lewis* and *Thompson* had a right to take
the advice of counsel, in respect to the matter on which they
sought information, and their communication would be priv-

ileged, although no suit was pending in respect to the matter on which they sought advice, is clear. 1 Phil. Ev. p. 130, note 62, Ed. 1859; *Reed* v. *Smith*, 2 Ind. 160. They might, perhaps, as well have applied to Judge *Kinney* for the advice sought as to any other lawyer. It does not appear that Judge *Kinney* was paid any fee for his advice, nor is it necessary that any should have been paid. *Reed* v. *Smith, supra.* For aught that appears, he was legally entitled to one as much as for advice in any other case.

*Per Curiam.*—The judgment below is affirmed, with costs.

*John P. Baird, Charles E. Hosford* and *Putnam Brown,* for the appellant.

*Usher & Patterson,* and *McDonald & Roache,* for the appellees.