## HALL's Adm'x v. McHENRY.

1. Promissory note: ADDITIONAL PARTY AFTER DELIVERY. Where a note has been fully issued, completed and delivered to the payee, the addition of another maker at the instance of the payee, and without the knowledge of the other makers, operates to discharge the latter.

2. —— BEFORE DELIVERY. *Semble*, that the same rule does not apply where the additional makers are added before the delivery of the note and without the knowledge of the payee. But if the note shows upon the face thereof that there were but two makers, one the principal, and

the other a surety, while the note was signed by two sureties, and the payee has notice that the name of one surety was added without the consent of the other, it would avoid the note. (COLE, J., expresses no opinion.)

3. —— ALTERATION. The cutting off the name of one surety to a promissory note without the consent of the other, by the payee, after the execution of the note, is such an alteration as will discharge the other surety.

### *Appeal from Polk District Court.*

### THURSDAY, JANUARY 18.

PLAINTIFF declares upon a note for $650, payable "in specie," signed by the defendant as surety for one Gill, claiming but half of the principal with the interest thereon.

The answer sets up that defendant, as the surety of Gill, signed the note; that when he signed the same it was blank as to payee, and did not contain the words "in specie;" that Gill designed to use the note to effect a loan of money, and expected to obtain the same from Hall, but had authority to fill the blank with the name of any one who would loan him the money; that Hall would not take the note as written, but without defendant's knowledge had the words "in specie," after the word dollars, written in the body of the note; that Gill, for the benefit and at the instance of Hall, and without the knowledge of defendant, procured one Lyon to sign said note as co-obligor, who placed his name immediately under that of defendant; that the note was thus delivered to Hall, who took the same with a full knowledge of all the facts.

It is further averred, that upon the 10th of October, 1861 (the note was due July 1, 1857), the said Hall, or some one for him or with his consent, or the plaintiff as administrator, without defendant's knowledge or consent, altered and changed said note by cutting off the name of said Lyon, leaving the same as it now appears, with the signatures of said Gill and defendant.

And so the defendant says this is not his note : because the one delivered to said Hall was altered as to its terms and the parties thereto, and because the discharge of Lyon by taking his name from the note in the manner stated, unwarrantably changed his liability and released him therefrom.

To this answer plaintiff demurred; the demurrer was overruled, and she appeals.

*B. N. Kinyon* for the appellant.

*McHenry pro se.*

WRIGHT, J. — Appellee, in his argument, does not insist that the adding of the words "in specie" had the effect to discharge him. We may, therefore, dismiss this feature of the case without comment, simply referring to *Sanderson* v. *Symond*, 1 Brad. & Bing., 134, and *Stephens* v. *Graham*, 7 S. & R., as throwing some light on the question involved.

1. PROMISSORY NOTE: additional party after delivery.

The points relied upon are: *First.* That the addition of the name of Lyon as a co-surety or co-promisor, without defendant's consent, this being known to Hall, so changed the instrument as that it was not his (defendant's) undertaking. *Second.* That if, notwithstanding this addition, it was binding, then plaintiff or the payee, by cutting off the name of the third promisor, so changed the note or affected its integrity as to discharge defendant.

When a note has been fully issued, completed and delivered to the payee, the doctrine seems to be well sustained that the addition of another maker at the instance of the payee, and without the knowledge of the other makers, operates to discharge the latter. Thus, says Mr. Parsons, if a person sign a joint and several note with

another as surety, and a third name be afterwards added also as surety, without his consent, the note is vitiated as to the first surety. 2 N. & B., 556.

The reasons or principles upon which this rule is founded, we need not discuss, as they will be found referred to at length by the learned author, and also in the following cases. *Chappell* v. *Spencer*, 23 Barb., 584; *Harper* v. *The State*, 7 Blackf., 61; *Limestone* v. *Penick*, 5 Mon., 32; *Pulliam* v. *Withers*, 8 Dana, 98; *Adams* v. *Frye*, 3 Metc., 103; note and authorities cited to *Smith* v. *Croaker*, 5 Mass., 540; *Martin* v. *Miller*, 4 T. R., 320; *S. C.*, 1 Smith's Lead. Cas., 458, and note; 2 Pars. on Cont., § 7, p. 716; Add. on Cont., 1082; and see, particularly, the comparatively recent case (decided in 1855) of *Gardner* v. *Walsh*, 5 E. & B., 82, overruling *Catler* v. *Simpson*, 8 A. & E., 136.

These cases and authorities, as far as we have been able to examine them, treat of the doctrine as applied to a note *fully* issued and delivered, and when the name is *afterwards* obtained, at the instance of the payee, or with his knowledge and consent, without the consent of the original maker or makers. Indeed, we can find no case precisely analagous to the one at bar. And we are not prepared to go to the extent of holding, that such addition of a name before the complete execution of the instrument, would have the effect of discharging the other joint and several maker, when the payee had no knowledge of the circumstances under which the note was signed by the joint maker, or of his intention at the time of signing. It will be readily seen that this might involve the inquiry, whether the surety, by delivering the note to the principal, had not placed it in his power to procure other parties, and whether he, rather than the payee, should not suffer the consequences thereof. A field of inquiry not free from difficulty, and one which, in our opinion, we need not enter in this instance.

This note, on its face, shows that it is made by Gill as principal, and *McHenry as his surety*. In addition to this, it is averred in the answer that Hall, the payee, took the *note with a full knowledge of all the facts*. If so, then he knew that McHenry signed the note, intending to be the sole surety of Gill, and that he did not intend to be jointly and severally bound with any other person. This being so, it seems to us, that the reason of the rule applies, which would declare the defendant discharged, when the other name was added *after* the note was fully completed and delivered. For the payee knew just as well what defendant's contract was, what his intended and understood liability, as though Lyon had not signed until after he had accepted the note and parted with his money. And this is especially so, when we consider that defendant was a *surety*, known to be such to the payee, whose rights are guarded with great care, and as to whom the doctrine under discussion, should be applied as a protection and not to his injury. 2 Pars. N. & B., 561; *Waterman* v. *Vose*, 43 Maine, 504; *Lisle* v. *Rogers*, 18 B. Monr., 528.

But however this may be (and it is due to one member of the court, COLE, J., to say, that he is not prepared to fully commit himself, to this position, in the absence of some element of fraud on the part of the payee, or proof of injury to the defendant), yet we unite in the opinion, that the subsequent act of the payee, in cutting off the name of Lyon, without the knowledge of the other surety, had the effect of so altering the note as to discharge defendant. This amounted to a spoliation of the instrument, or so affected its integrity, by the act of the payee, as that he should not be allowed to claim any advantage from it, as against the other surety. A payee should not be allowed, thus at his mere will, however honest his motive, to tamper with a contract which should be kept entire and unmutilated, and which frequently, and,

indeed, generally, is the best and only evidence of the rights, equities and liabilities of all the parties to it. The policy of the law is, to look to and secure this integrity, and especially when it is assailed by the payee himself, without looking beyond to ascertain whether there has been actual injury or fraud. In support of this view, we refer to the authorities already cited, as also, *Marn* v. *Bradley*, 11 Mees. & Wels., 590; *Gillett* v. *Sweet*, 1 Gilm., 475.

So that we unite, without, perhaps, placing our opinions upon the same grounds or adopting the same reasoning, in the conclusion, that the judgment below should be

*Affirmed.*