HOWARD v. CLARK.

1. **Principal and surety**: DISCHARGE OF SURETY. Where the holder of a note receiving it with notice that one whose name is signed to it is in fact but a surety, gives an extension of time to the principal, pursuant to a binding agreement between them to that effect, the surety will be discharged.

2. —— The fact that the surety signed his name to the note subsequent to its execution, and without the knowledge or consent of the maker, will not change the rule.

*Appeal from Jones District Court.*

FRIDAY, JANUARY 25.

ACTION upon a note signed by Gabriel Jordan and E. F. Clark, of which the following is a copy: "On or before the 1st of April next, I promise to pay M. H. Murray the sum of fifty dollars, for value received. Louisa, December 5, 1855." Defense, that defendant was only surety, and plaintiff, knowing that fact, had, for a consideration, extended to the principal the time of payment. The trial was to the court, who found the following conclusions of fact, having abundant support in the evidence, and also the following conclusions of law thereon, to wit: "1. The note was given by Jordan to Murray at the time of its date, for what consideration does not appear. 2. After it was delivered and before it became due, it being still the property of Murray, the defendant Clark exchanged it with one Barber Curtis for a set of blacksmith's tools for said Murray. Clark never had any interest in the tools. Curtis refused to take the note unless signed by Clark as surety. Clark did so sign it, and nothing appears in the testimony to show that Jordan knew of Clark's signature to the note. 3. Afterward and before the note was due, Curtis sold it to the plaintiff, stating to him at the time that Clark was only surety. 4. When the note became due, Jordan and plaintiff met. Jordan was about to pay the note, but wanted

plaintiff to let him keep the money until after court, and plaintiff agreed thereto, Jordan at the time paying him some amount of money in consideration of the extension of time.

It is found, as conclusions of law, that Clark only undertook to pay the note as surety for Jordan ; or, perhaps, it may be more properly said, he was guarantor. Whether he was surety or guarantor, he was, in my opinion, discharged by the extension of time given to Jordan." Judgment accordingly for the defendant. The plaintiff duly excepted, and has now appealed.

*Milton Remley* for the appellant.

*Scott & Ercanbrack* for the appellee.

Cole, J. — The rule of law is too well settled to require citation of authorities to support it, that if a creditor make a valid and binding agreement to give further time to his principal debtor, he thereby discharges the surety. The appellant's counsel does not seriously controvert this rule, but seeks to avoid its application or force in this case, by the claim that since Jordan's assent to the addition of the defendant's name to the note as surety, or otherwise, does not appear, such addition was a material alteration of the note which would discharge the maker, Jordan ; citing 2. Pars. on Notes and Bills, 556, and *Hall's Admx.* v. *McHenry*, 19 Iowa, 521. If this claim be conceded as a sound rule of law, it would not necessarily change the conclusion in this case ; for, the rule does not make an altered instrument absolutely void, but only avoids it at the election and claim of such other maker. It does not lie in the mouth of the holder to declare the note void as to such maker. The principal maker in this case does not make any claim that the note as to him is avoided by the addition of the name of Clark ; besides, his agreement to pay at the extended time might possibly preclude such defense even as to him. And, again, it appears from the evidence and also from the findings of fact that the defendant put his name

to the note *as surety only*, and this was known to plaintiff at the time he acquired the note. Any construction of that contract, whereby his liability is enlarged or changed from that of surety, would work a fraud upon him.

Under our statute respecting guarantors (Rev., §§ 1800, 1801) the defendant would not be bound as a guarantor of the note, since no notice of non-payment by the maker is shown, and actual detriment to the defendant is proved, by the plaintiff refusing to take the money offered in payment at its maturity, and extending the time as appears from the evidence and findings of fact.

Affirmed.