CASE 15—PETITION ORDINARY—MARCH 30.

# Locknane v. Emmerson.

## APPEAL FROM CLARK CIRCUIT COURT.

1. ALTERATION OF PROMISSORY NOTE AND SUBSEQUENT ERASURE OF IT.—If the words "to bear legal interest" be inserted in a note by the payee, or by another with his consent after the surety has signed it, and without his knowledge or approval, he will be released.
2. ANY SUBSEQUENT ERASURE OF THE WORDS INSERTED will not restore the note to vitality so as to bind the surety.

JAMES SIMPSON, . . . . . . . . . . For Appellant,

CITED

1 Duvall, 108, Terry & Bell v. Hazlewood.
2 Mason, 478, United States v. Spalding.
8 Cowan, 71, Lewis v. Payne.
15 East. 17.                    9 B. Mon. 25.

LEELAND HATHAWAY, . . . . . . . . For Appellee,

CITED

2 Parsons on Notes and Bills, pp. 564, 579, 570, 581.
5 Mon. 25, Bank of Limestone v. Penick.
6 J. J. Mar. 524, Letcher v. Bates.
4 Dana, McChord & Payne v. Bank of Commonwealth.
18 B. Mon. 527, Lisle v. Rogers.          Story on Bills.

CHIEF JUSTICE PETERS DELIVERED THE OPINION OF THE COURT.

This action was brought by appellant on a note alleged to have been executed by Samuel Beale and Tilly Emmerson to John T. Terry on the 5th of March, 1872, for $173, due one year after date, and assigned by the payee to appellant on the day of its execution. Beale made no defense to the action; but Emmerson, who says he was the surety of Beale, filed an answer, in which he avers that after he signed and delivered

said note to Beale, the principal, he took it to Terry, the payee, who refused to accept it, because it did not contain a promise to pay interest from date, and that Beale, the principal obligor, then and there, without the knowledge and consent of Emmerson, changed said note by adding the words, "*said note to bear legal interest*," that said alteration was material and made to increase his liability without his consent, and that the note, in consequence of said alteration, is not obligatory on him.

On the trial of the case in the court below a verdict and judgment were rendered in favor of Emmerson; and Locknane's motion for a new trial having been overruled, he has appealed to this court.

It is admitted that the words ".to bear legal interest" were inserted in the note after it was signed by Emmerson and delivered to Beale, and done without his consent; but it is insisted that before the trial of the cause the words which had been added to the writing had been effaced by drawing a pen over them, which left it precisely as it was when appellee signed it, that it was at most but an attempt to change the writing which was never carried into effect, and that appellee's responsibility was not increased by what was done.

When the evidence was closed the court, on motion of appellee, instructed the jury that if they believed from the evidence that the words "*to bear legal interest*" were appended by Terry, the payee, or by another with his consent and approval, after the defendant, Emmerson, had signed it, and without his knowledge or approval, they will find for the defendant; and refused to give the following instruction asked for by the plaintiff:

"If the jury believe, from the evidence, that the note sued upon reads now just as it did when it was signed by the defendant, Emmerson, they ought to find for the plaintiff, even if they believe, from the evidence, that Beale wrote upon said

note the words 'Said note to bear legal interest;' provided said words afterward were obliterated and blotted out, and do not now form any part of said note."

To the ruling of the court refusing to give the instruction asked for by him, and giving the instruction asked for by appellee, the appellant excepted; and they are the only questions presented by this appeal for judicial determination.

It is true that the alteration of the note was not made by the payee nor the assignee thereof; but the payee testified in the case and proved that he refused to accept the note when first tendered to him, because it did not stipulate to carry interest from date, and Beale told him he would fix it to suit him, and then left and went up-stairs, and in a short time returned with the words "*said note to bear legal interest*," and delivered it to him; that he did not believe Emmerson was there, and then added, indeed he might say he was *not* there. And Emmerson proves that when he signed the note the words added by Beale were not in it, but were afterward· inserted without his consent.

The evidence therefore is conclusive that the note was complete when Emmerson signed it, and neither Beale nor any one else had any authority from him to change it; that the change was made in a material part, and affected Emmerson's interest by increasing his liability; and that Terry, the payee, knew when the change was made that it was done without the consent and without the knowledge of Emmerson. These facts are not controverted by the attorney of appellant; but he insists that the objectionable words have been erased, that the note was then restored to its original condition, and, the responsibility of appellee being no greater than it was when he signed and delivered the note, his legal obligation was not affected by the change; and in support of that position we are referred to the case of Terry & Bell v. Hazlewood (1 Duvall, 104).

The bond in that case was executed by the appellants as the sureties of a tobacco warehouse keeper in the city of Louisville, payable to the commonwealth under an act of the Legislature of Kentucky, and the word *"February"* was erased after the bond was signed and *"March"* inserted by Tompkins, the clerk of the board of aldermen of the said city, and in whose custody the bond was placed. In that case the court decided that even if the change had been in a material part, still as it was done by Tompkins, a stranger to the bond, without the participation of the party interested, the change did not render the bond invalid.

In the United States v. Spalding (2 Mason, 478), to which we have been referred by the attorney for appellant, the question before the court was whether a suit *at law* could be maintained upon an instrument mutilated where the mutilation had been produced by fraud and imposition practiced upon a public officer in the discharge of a public duty by a party bound by the instrument.

In discussing the question Judge Story said it seems to have been held that a material alteration of a deed by a stranger without the privity of the obligor or obligee avoided the deed; and by a parity of reasoning the destruction or tearing off the seal either by a stranger or by accident—a doctrine so repugnant to common sense and justice, which inflicts on an innocent party all the losses occasioned by mistake, by accident, or by wrongful acts by third persons, or by the providence of heaven— ought to have the unequivocal support of unbroken authority before a court of law is bound to surrender its judgment to what deserves no better name than a technical quibble; and after discussing the question at length he concludes that if a deed be materially altered with the *assent of the obligee,* either by mistake or by fraud and imposition practiced by the obligor, it may still be declared on as a deed, making the proper averment of the facts upon the profert, and the party will be entitled

to recover. And he then says that the jurisdiction in such cases is concurrent at law and in equity, which was really the question before the court in that case.

But from the reasoning of the learned judge it is evident that if the deed sued on had been changed or altered by the consent of the obligee without the fraud or imposition of the obligor and without his consent, the action could *not* have been maintained; and the same doctrine is held in the other cases referred to.

If the words added to the note after Emmerson signed and delivered it had not been erased, there is no question that the addition would have rendered the note invalid as to him; and the question is, can the note be restored to vitality and made obligatory on the surety by the act of others without his consent after it had been rendered invalid? We think not. When the alteration was made it discharged Emmerson from the legal obligation he was under, because he never undertook to pay or discharge the note in its altered form, and after his discharge he could have been no more bound by the acts of others without his authority and consent than he would have been bound to pay the note if he had never executed it.

Wherefore the judgment is affirmed.