## J. G. L. Davis *et al. v.* The State.

1. ALTERATION OF WRITTEN INSTRUMENTS. — If, on the face of an instrument offered in evidence, a material alteration is apparent, or if such an alteration be proved by extraneous evidence, the party offering and claiming under the instrument is bound to show that the alteration was made under such circumstances that it does not affect his right to recover.
2. BAIL-BOND — SCIRE FACIAS. — Sureties on a bail-bond, in answer to a *scire facias*, pleaded *non est factum*, and alleged that, without their knowledge, consent, or authority, the bond, since its execution, had been materially altered by the erasure of the name of another surety, against whom no judgment *nisi* had been taken; wherefore they were not liable. *Held*, a sufficient answer to the *scire facias*.

APPEAL from the District Court of Delta.    Tried below before the Hon. W. H. ANDREWS.

This case was appealed to the Supreme Court in 1875, and, being undecided when the Constitution of 1876 went into effect, was transferred to the Court of Appeals, among the pending criminal causes.

William Davis was the principal in the bond, in the body of which the names of J. G. L. Davis and A. Sinclair alone appeared as the sureties.    At the foot, however, it bore the signatures of these parties, and also those of W. D. Sheffield and R. C. Andrews.    Sheffield's signature, however, was defaced by lines drawn across it, and he was not made a party defendant in the judgment *nisi* or the *scire facias*.

At the trial the defendants introduced the original bond, showing the obliterated signature of Sheffield, and one of them testified that when he signed the bond Sheffield's signature was to it ; that Sheffield's name was not scratched when witness signed the bond, and it was fully understood that Sheffield was one of the sureties ; and that witness did not know it had been scratched until the day he filed his answer to the *scire facias*.

The answers of the defendants set up the alteration, and

were excepted to by the State for insufficiency, but no ruling on the exceptions appears in the record. The cause was heard and determined by the court without a jury, though no express waiver of a jury appears. Judgment was rendered for the State, and the defendants appealed.

*Hale, Scott & Taylor,* and *Maxey, Lightfoot & Gill,* for the appellants.

*A. J. Peeler,* Assistant Attorney-General, for the State.

WHITE, J.    It is now considered to be a general rule that where any suspicion is raised as to the genuineness of an altered instrument, or is made so by extraneous evidence, the party producing the instrument and claiming under it is bound to remove the suspicion by accounting for the alteration.    1 Greenl. on Ev., sec. 564.

In the case under consideration, the sureties, in their answer to the *scire facias* issued on the judgment *nisi*, pleaded *non est factum*, alleging that since the execution by them of the bond, which was forfeited, the name of one of the sureties thereon had, without their authority, knowledge, or consent, been scratched out and erased, as was evident from the face of the instrument itself; that such alteration was unknown to defendants until after the rendition of the judgment *nisi*, and that judgment *nisi* had not been rendered against that other surety conjointly with these defendants ; that the bond, which was their contract, had been thus materially changed, and that such change released them from all further liability upon it.    In support of this plea the bond was produced in evidence, and fully sustained it, in connection with the oral testimony offered. On behalf of the State no evidence whatever was adduced. The court entered final judgment, and hence this appeal.

We are of opinion that the judgment is erroneous.    The question here involved was the main one determined in

*Smith* v. *The United States*, and it was said "that where the alteration is apparent on the face of the instrument, the party offering it in evidence and claiming under it is bound to show that the alteration was made under such circumstances that it does not affect his right to recover.   *   *   * The inquiry, therefore, is, What is the rule to be applied in a case where it appears that the contract of a surety has been altered without his knowledge or consent, and where it appears that the effect of the alteration is to augment his liability? Mr. Burge says that an alteration in the obligation of a contract, in respect to which a person becomes surety, extinguishes the obligation and discharges the surety, unless he has become by a subsequent stipulation a surety for, or has consented to, the contract as altered. (Burge on Suretyship, p. 214)." 2 Wall. 219.

And we may well adopt, as applicable to this case, the further remarks of Judge Clifford in that case. As was said by him, "authorities are not necessary to show that the alteration in this case was a material one, as it obviously increased the liability of the defendant; and in case of the default of the principal, and payment by the defendant, diminished his means of protection by the way of contribution; and the rule is universal that the alteration of an instrument in a material point by the party claiming under it, as by inserting or striking out names without the authority of the other parties concerned, renders the instrument void, unless subsequently ratified or approved." 2 Wall. 234, citing *Boston* v. *Benson*, 12 Cush. 61.

As enunciatory of and illustrating the same doctrine, see Pars. on Notes & Bills, 577; 1 Greenl. on Ev., 10th ed., sec. 564; *Harper* v. *The State*, 7 Blackf. 61; *Barrington* v. *The Bank of Washington*, 14 Serg. & R. 405; *The People* v. *Buster*, 11 Cal. 215; *Miller* v. *Stewart*, 9 Wheat. 702; 4 Wash. 26; *Martin* v. *Thomas*, 24 How. 315; *Hardy* v. *Broaddus*, 35 Texas, 668; *Harper* v. *Stroud*, 41 Texas, 372.

And in *Briggs & Briggs* v. *Glenn & Bryan*, 7 Mo. 572, it was held that "where a bond is altered or changed in a material part by the obligee, as by the erasure of the names of some of the obligors without the assent of the others, all the obligors are discharged."

Several other irregularities committed on the trial are made apparent, on an inspection of the transcript of the record, which are not likely to arise on a subsequent trial.

The judgment of the court below will be reversed and the cause remanded, that the opportunity may be offered the State, on another trial, to obviate the objections to the judgment as above specified.

*Reversed and remanded.*