No. 10,239.

## NICHOLSON v. COMBS ET AL.

PROMISSORY NOTE.—*Execution.*—The execution of a promissory note includes both a signing and delivery, and implies a complete contract.

SAME.—*Material Alteration.*—The material alteration of a promissory note made at the instance of the payee, and without knowledge of the maker, releases the latter from liability.

SAME.—After a promissory note is signed and delivered, the procurement by the payee of an additional signature, without the knowledge of the maker, releases the latter.

From the Clark Circuit Court.

*J. H. Stotsenburg,* for appellant.
*M. C. Hester,* for appellees.

ELLIOTT, J.—To the complaint of appellant, charging that the appellees William C. Combs, Richard F. Nugent and David S. Koons executed to him the promissory note sued on, the appellees Combs and Nugent answered separately. The answer of the former is, omitting formal parts, as follows: "That after he and his co-defendant Richard F. Nugent had executed and delivered the note sued on herein, and without the knowledge or consent of this defendant, the plaintiff procured David S. Koons to subscribe the said note as one of the makers thereof."

It is urged that the answer is bad, for the reason that it

does not aver that the name of Koons was added after the note was completed. This position is not tenable. The word executed implies both a signing and a delivery, and a signed note duly delivered is a complete contract. In a legal sense the word "execute" includes delivery and implies a complete contract. *Graham* v. *Graham*, 55 Ind. 23, *vide* p. 28; *Prather* v. *Zulauf*, 38 Ind. 155.

It is settled law in this State that the material alteration of a promissory note, made at the instance of the payee, and without the knowledge of the maker, releases the latter from all liability on the note. *Hert* v. *Oehler*, 80 Ind. 83; *Bowman* v. *Mitchell*, 79 Ind. 84; *Monroe* v. *Paddock*, 75 Ind. 422. It is also firmly settled that the addition of the name of a party as maker is a material alteration of the instrument. *Harper* v. *State, ex rel.*, 7 Blackf. 61; *Henry* v. *Coats*, 17 Ind. 161; *Bowers* v. *Briggs*, 20 Ind. 139; Bigelow Bills and Notes, 579.

The answer was unquestionably good.

The answer of Nugent is the same as that of Combs, with the exception of a change in names, and the questions arising upon it are, therefore, disposed of by what has been said in considering the latter's answer.

There was testimony showing that the note sued on was signed and delivered by the appellees, that it was accepted by the appellant, and that, after this had taken place, the latter, without the knowledge of the former, procured Koons to sign as a maker; it can not, therefore, be said that the finding of the trial court is not sustained by the evidence.

After the signing and delivery of the note, the appellees could not recall it nor the appellant change it. From that time it became a complete and perfect contract. The silence of the makers vested no authority in the payee to procure an additional signature to the note. The delivery of the note closed the contract, and it was the duty of the appellant to have kept it unchanged.

Judgment affirmed.

HOWK, J., took no part in the decision of this case.