## MICKLEWAIT v. NOEL ET AL.

1. **Promissory Note**: SURETY: CONDITIONS NOT KNOWN TO PAYEE: SIGNATURES BY OTHER SURETIES. A surety on a promissory note cannot escape liability on the ground that he signed it upon the promise of the principal that other named persons would sign it, and that they did not do so, but that others not named did sign it without his knowledge or consent, unless he shows in addition that plaintiff had knowledge of the facts, or was chargeable with such knowledge. See cases cited in opinion.

2. **Pleading**: DEMURRER: ERROR WITHOUT PREJUDICE. Sustaining a demurrer to a count of an answer pleading a general denial of the allegations of the petition is not prejudicial error, where another count of the answer is left in which " every material allegation in the petition " is denied.

3. **Practice on Appeal**: DEMURRER: DEFECTIVE ABSTRACT. This court cannot review a ruling upon a demurrer to a pleading where the pleading is not set out in the abstract.

*Appeal from Mills District Court.*

· TUESDAY, JUNE 22.

ACTION on a promissory note executed by Noel, Lewis, Salyers and Donner. Separate answers were filed by Lewis and Salyers and Donner, to which a demurrer was sustained, and the said defendants appeal.

*Stone & Gillilland* and *Lewis & Young*, for appellants.

·*E. B. Woodruff* and *Kelly Bros.*, for appellee.

Micklewait v. Noel et al.

SEEVERS, J.—The defendant Lewis pleaded in the second count of his answer, in substance, that at the request of Noel, one of the makers of the note, he signed the

**1. PROMISSORY note: surety: conditions not known to payee: signatures by other sureties.** same as surety, upon the representation and promise of Noel that W. E. Demmitt and Sampson Slater would also sign the note; and in the third count of the answer it was pleaded that Demmitt and Slater did not sign the note, and that Salyers and Donner signed it as makers, without the knowledge or consent of the defendant Lewis.

We do not think that a sufficient defense is pleaded in the answer of Lewis, for the reason that it is not pleaded that the plaintiff had any knowledge of the facts, or that the note had been delivered when the agreement set up in the second count was entered into. Counsel for the appellant cite and rely on *Hall's Adm'x v. McHenry*, 19 Iowa, 521; *Dickerman v. Miner*, 43 Id., 508; *Hamilton v. Hooper*, 46 Id., 515; *Berryman v. Manker*, 56 Id., 150. An examination of these cases will disclose the fact that in all of them the name of an additional person as maker was signed to the note after delivery to the payee, and with his knowledge.

It is not stated in the answer that any fraud was perpetrated or intended by the plaintiff or Noel. The note is negotiable. No authority has been cited which supports the position of appellants. *Carroll Co. v. Ruggles, ante*, 269, *Daniels v. Gower*, 54 Id., 319. The note in that case was not negotiable, and, beside this, it was given to a stranger to be delivered only upon the compliance with a condition. We simply desire to say, without stating our reasons, that, in our opinion, the position of counsel for appellant cannot be sustained.

It is urged that the demurrer was incorrectly sustained to the fourth count of the defendant Lewis' answer, because a

**2. PLEADING: demurrer: error without prejudice.** general denial of the allegations of the petition was therein pleaded. Possibly that count can be so construed; but, conceding this, no prejudicial

error was committed, because the first count, which was not assailed by the demurrer, consists of a denial of "every material allegation in the petition."

II. The abstract states that a demurrer to the fourth count in the answer of Salyers and Donner was sustained. **3. PRACTICE on appeal: demurrer: defective abstract.** The answer, as set out in the abstract, only contains three counts. Why the fourth count has been omitted we are not advised. Because of the state of the record, we are unable to say that the court erred in sustaining the demurrer to such count.

Finding no error in the record, the judgment of the district court must be

AFFIRMED.