Phoenix Insurance Co. of Hartford v. McKernan, &c.

---

Case 17—PETITION ORDINARY—October 29.

## Phoenix Insurance Co. of Hartford v. McKernan, &c.

100   97
s104  224

APPEAL FROM LOGAN CIRCUIT COURT.

1. INSURANCE—ALTERATION OF POLICY AFTER LOSS.—Any material alteration of a written contract, made by the obligee without the consent of the obligor invalidates the contract; and the

alteration may be a material one, although it may not operate to make the compliance of the obligor with its terms more burdensome: nor is the intention to defraud necessary to make the alteration work a forfeiture of the contract. In this case the words "this policy includes shelving, counters and drawers," were added to a policy of insurance on a building, after the loss, without the knowledge or consent of the insurer.

2. WITHDRAWAL OF CLAIM.—The withdrawal of the claim asserted by reason of the alteration in the written contract could not have the effect to restore and revive the contract really executed and delivered.

W. P. SANDIDGE FOR APPELLANT.

1. Plaintiff had no right to withdraw an exhibit filed with his petition without the permission of the court, and defendant was entitled to argue a motion to withdraw it.
2. Any willful material alteration in an insurance policy vitiates the policy even if the alteration was not beneficial to the party making it. Am. & Eng. Enc. of Law, vol. 1, page 511; 2 Bibb, 167; 5 Littell, 206; 18 B. M., 536; 7 Bush, 275; 10 Bush, 517; 11 Bush, 69; Am. Dec., vol. 10, page 267; 92 U. S., 330; 123 Mass., 196; 25 Am. Rep., 67; 2 El. & Bl., 703; 112 Mass., 315; 17 Am. Rep., 62; 6 Neb., 537; 49 N. Y., 396; 20 Mich., 425; 22 Mich., 427; 26 Mich., 249; 5 El & Bl.. 82; 1 Ball & B., 426; 20 Ind., 139; 46 Barb., 379; 9 B. M., 8; Am. & En. Enc. Law, page 510.
3. Where there is a stipulation in an insurance policy that it shall be void if the assured is not the sole and unconditional owner of the property insured, or if his interest be not truly stated, the fact that the property had been transferred by deed of assignment prior to the issual of policy is sufficient to release the insurance company from any liability. 6 Bush, 147; 13 Bush, 315; Story's. Equity Jurisprudence, sec. 1217; 11 Ky. Law Rep., 539; 14 Ky. Law Rep., 95.

CRADDOCK & SANDIDGE OF COUNSEL ON SAME SIDE.

WILBUR F. BROWDER FOR APPELLEES.

1. An alteration in an insurance policy, made after the fire without intention to defraud, and in no way increasing or diminishing the risk does not vitiate the policy. Voyle v. Ripper, 34 Ills., 100 85; Amer. Dec., 298; Williams v. Smith, 78 Am. Dec., 478; Reed v. Roark, 65 Am. Dec., 127, and note.
2. There is no substantial difference between a deed of trust conveying property to pay debts, and one to secure the payment of the debts. 17 B. M., 544; Lyons v. Fields, 7 Bush, 29; Ross v. Wilson, Peters & Co., 8 Bush, 40;

3. An honest belief in the truth of the statement made, when not material to the risk, should not avoid a policy even if the statement should prove untrue. Germania Ins. Co. of N. Y. v. Rudwig & Co., 80 Ky., 223.

4. The debts of the creditors of appellee were not discharged because the agreement to take thirty-three and one-third cents on the dollar was between the creditors and appellee, and not an agreement among the creditors themselves. 80 Ky., 28; 2 Littell, 51; 7 J. J. M., 114; 8 B. M., 598; 3 Met., 88.

5. The written contract to have the damage estimated and appraised is not binding on appellee, because J. H. Conn, the mortgagee, and real party in interest, was not a party to it, and it was not signed by any one as his agent. Morris v. German Insurance Co., 14 Ky. Law Rep., 859.

WILBUR F. BROWDER IN PETITION FOR RE-HEARING.

1. The court in its opinion overlooks the fact that by the original contract of insurance the counters, shelving and drawers were to be included in the policy, and that they were left out of the policy by the carelessness or oversight of the company's agent. It was only after the loss this oversight was discovered, and the agent of the company, desiring to correct his mistake, and without fraud upon the part of any one connected with the transaction, made the alteration.

2. Copeland was the resident agent of the company, and as such made the alteration complained of, and unless this was beyond his authority, then the alteration was made by and with the knowledge and consent of the company.

3. The local agent of a foreign insurance company, who is clothed with the authority to effect contracts of insurance, to fix rates, to consent to the increase of risks, to cancel policies, and to exercise supervision over the property insured in his agency, is a general agent, and has the power without express authority to dispense with conditions and waive forfeitures, in the absence of any limitation upon his authority known to the assured; and the company represented by him is bound by his acts within his general authority. Viele v. Germania Ins. Co., 26 Iowa, 9; 96 Am. Dec., 83; Horwitz v. Equitable Mut. Ins. Co., 40; Mo., 557; 93 Am. Dec., 321; Miller v. Phoenix Ins. Co., 1 Amer. Rep., 262; May on Insurance, 2 Ed., pp. 152 and 174.

4. An agent authorized to make contracts of insurance, may during the continuance of his agency, at any time, even after the loss, correct a policy issued by him by inserting property included in the original contract, but omitted by mistake from the policy. Taylor v. State Ins. Co., 67 N. W. Rep., 577; Davenport v. Ins. Co., 33 Iowa, 325 (11 Amer. Rep., 125).

JUDGE GUFFY DELIVERED THE OPINION OF THE COURT:

The appellees, McKernan and Conn, instituted this action in the Logan Circuit Court against the appellant, Phoenix Insurance Co. of Hartford, Conn.

It is substantially alleged in the petition that the appellant undertook to insure appellee McKernan against loss or damage by fire which he might sustain, not exceeding $1,800, on account of the destruction of or damage to one two story brick, metal roof building owned by appellee, in Adairville, Ky., also by the terms of the said policy the appellee was insured against loss or damage by the destruction of the shelving, counters and drawers in said building, the total amount agreed on at the time being $1,800—that is to say that appellant undertook to pay appellee the sum of $1,800 in the event of the destruction of the brick building and shelving, counters and drawers.

It is further alleged that the property was mortgaged to appellee, J. H. Conn, which was known to appellant, and that by the terms of the policy appellant was to pay Conn the sum which might be due him. The policy is filed with the petition. The total destruction by fire of the building, counters, shelving and drawers, etc., occurred, as is alleged, September 17, 1893, by which appellee sustained, as is alleged, $2,600 loss, and more.

The petition also alleges that the appellee made all the proofs required by the said policy, and made due demand upon appellant for payment of the $1,800, for settlement of the loss sustained by reason of the destruction of said house, shelving, counters and drawers, and

that by reason of the said contract and by reason of the destruction of the house, shelving, drawers and counters, that appellant was indebted in the sum of $1,800, for which sum, with interest, plaintiff asked judgment.

The answer of appellant, among other defenses, pleaded that the policy provided that if any other insurance was taken on the property without the consent of appellant endorsed thereon, that the policy should become null and void; and alleged that appellee had taken out a policy in the Aetna Insurance Co. on the shelving, counters and drawers.

The appellee in his reply denied that the policy sued on covered any of the counters, shelves or drawers. It is also alleged in the reply that the following provision in the policy, "this policy includes shelving, counters and drawers," is not a part of the contract of insurance; that after the fire appellant, through its agent, inserted that provision in the face of the policy, and he makes no claim for damages to same. The defendant moved to strike out that part of the reply.

Appellee then tendered and filed an amended petition, in which it is substantially alleged that appellee's attorney by mistake inserted in the petition a claim for the loss of shelving, etc., and the clause in reference thereto was inserted by appellant's agent after the fire, and appellee disclaims any claim for the destruction of said shelving, etc.

The appellant, in answer to the amended petition of the appellee, admitted that the said words as to shelving, counters and drawers were inserted in the policy af-

ter the fire, but denied that it was done by appellant through its authorized agent or at all, and alleged that it never knew until the filing of plaintiff's amended petition, June 9, 1894, that said clause had been inserted after the fire, and pleads said alterations and fraudulent attempt to collect the same in bar of plaintiff's right to recover.

A trial resulted in a verdict and judgment in favor of appellees for the sum of $1,800, with interest from the 1st of June, 1894. Appellant's motion for new trial was overruled, and it has appealed.

Several grounds for new trial were relied on and various errors of law alleged, but we deem it unnecessary to notice or discuss them in detail. The most serious question in the case is as to the insertion in the policy after the fire of the words "this policy includes shelving, counters and drawers."

It is very manifest that this addition was made at the instance of plaintiffs, or by their consent and procurement, and without the consent or authority of appellant. It will be readily conceded that any material alteration of a written contract made by the obligee, without the consent of the obligor, invalidates the contract, but the appellee insists that the addition to the policy in question was not a material change or alteration, for the reason that appellant was only bound for $1,800, and that the house alone was shown to be worth more than $2,600, therefore, appellant was bound to pay the $1,800, independent of the loss to shelving, etc.

It seems to us that appellee's contention is not tena-

ble and not sustained by the authorities.    An altera-
tion or change in a written contract may be a material
change and yet not be more disadvantageous or burden-
some to the obligor than the true contract made and
signed by the parties, nor is an intention to defraud nec-
essary to make the change work a forfeiture of the con-
tract.    It has been often held that a change by which
a note was made to fall due at a later date than that
named or changed, so as to call for a smaller sum than
the true sum named, invalidates the note. Likewise the
addition of another name to a note vitiates the note as
to the obligor unless he consented.    It has also been
held that the obligee can not erase the material interpo-
lation and thereby restore the validity of the instru-
ment.

The contract of insurance in this case, as sued on in
the suit that was dismissed by plaintiff, as well as this
one, contained the interpolation, and plaintiff set it up
and relied on it as fully as any other part of the policy.
It is true that he afterwards withdrew any claim for the
loss sustained by the destruction of the shelving, etc.

It is not in proof that the shelving, etc., was by the
verbal contract to have been included in the policy, but,
if such had been the contract, yet plaintiff could not
legally change the written contract to make it corre-
spond with the oral contract.    Courts may correct and
reform written contracts so as to conform to the real
agreement, but an individual obligee can not do so.

It appears in this case that at one time the house and
lot, and presumably the shelving, etc., were all valued

and appraised at $2,400, and it might have been that appellant was willing to insure the house alone to the extent of three-fourths of its value, not exceeding $1,800, but not willing to include the shelving, etc.; but, be that as it may, the addition of the shelving, etc., necessarily increased the burden of appellant at least to the extent of diminishing his chance to show that $1,800 was more than three-fourths of the value of the insured property, and the withdrawal of any claim on account of the shelving, etc., could not have the effect to restore or revive the contract really executed and delivered. The alteration, *prima facie* increased the risk, and was a material alteration, for the further reason that it added a number of articles to the policy not theretofore embraced.

The following authorities and cases sustain the foregoing views, viz: 2 Bibb, 167; 18 B. M., 536; 7 Bush, 275; 10 Bush. 517 and 510; 11 Bush, 69; Am. & Eng. Ency. of Law, volume 1, page 511; 10 Am. Decisions, volume 10 page 267; Angle v. N. W. Mut. Life Ins. Co., 92 U S., 330; Brown v. Straw, 6 Neb., 537; Bowers v. Briggs, 20 Ind., 139.

It seems clear to us that the court erred in submitting to the jury the question of fraudulent intent on the part of appellee in regard to the aforesaid addition to or change in the contract. The court below also erred in refusing to give instruction No. 2, asked by the appellant.

The addition of the words "this policy includes shelving, counters and drawers," was a material change or

alteration, and, unless done by the authority or consent of appellant, invalidated the policy, and the court below should have so instructed the jury.

For the reasons given the judgment of the court below is reversed and cause remanded, with directions to set aside the verdict and judgment and award appellant a new trial and for further proceedings consistent with this opinion.