### IN THE

## SUPREME COURT OF JUDICATURE

### OF THE

## STATE OF INDIANA,

### AT INDIANAPOLIS, NOVEMBER TERM, 1827, IN THE TWELFTH YEAR OF THE STATE.

---

## WHITE, Administrator, *v.* RANKIN and Others.

The appearance of a defendant on the execution of a writ of inquiry, without object-
ing to the previous proceedings, cures any irregularities as to the time when the ca-
pias was executed or the declaration filed.

The awarding of a writ of inquiry after the defendant's failure to appear on being
called, without the previous entry of an interlocutory judgment, is a mere informali-
ty, and cannot be assigned for error.

A declaration stated that *A. B.* and *C.*, county commissioners of the county of *Scott*,
complained of the administrator of *D.* for money had and received by the intestate
to the use of the plaintiffs, and which he had not paid to the plaintiffs: *Held*, that
the words, "county commissioners of the county of *Scott*," were only à *descriptio
personarum.*

*Monday,
November 5.* ERROR to the *Scott* Circuit Court.—Assumpsit by *Rankin,
Hogland*, and *Matthews*, commissioners of *Scott* county, against
*White*, administrator of *White*, for money had and received by
the intestate to the use of the plaintiffs. The defendant, at the
term to which the writ was returnable and at which the decla-
ration was filed, failing to appear on being called, and the Court
being satisfied that the process had been served, a writ of in-
quiry was awarded to inquire of the damages, &c. At a sub-
sequent term, to which the cause had been continued, and at
which the defendant appeared, the damages were assessed and

final judgment was rendered for the plaintiffs. The judgment was as follows: "It is therefore considered by the Court, that *the plaintiffs* recover of the said defendant, as administrator as aforesaid, the sum of, &c., to be levied, &c."

HOLMAN, J.—The first error assigned and relied on in this case, is, that the writ of inquiry was improperly awarded. It is said, that the capias was not executed ten days before the term of the Court in which the writ of inquiry was awarded; and the declaration, it seems, was not filed when the capias issued, but was filed in open Court, and but one day before the defendant was called, and the writ of inquiry awarded; and there was no interlocutory judgment. The awarding of the writ of inquiry, without an interlocutory judgment, was merely informal. Had the writ been executed the same term in which the declaration was thus filed, the defendant might have had some cause of complaint; but the cause was continued for several terms; and before the inquest of damages, the defendant appeared by his counsel. Having thus appeared, and raised no objections to the proceedings in the cause, all previous irregularities are thereby cured.

A second train of objections grows out of the declaration. The declaration states that *Samuel Rankin, Spencer Hogland,* and *John Matthews,* county commissioners of the county of *Scott,* complain of *James V. White,* administrator of *James L. White,* deceased, of a plea of trespass on the case; for that whereas *James L. White,* in his life time, was indebted to the plaintiffs in the sum of 100 dollars, for so much money, before that time, had and received by him to the use of the said plaintiffs; and the breach assigned is, that neither the intestate, nor the administrator, had paid the said sum to the said plaintiffs.

It is here objected, first, that the plaintiffs sued as a corporation, and appeared by their attorney at law, instead of their attorney in fact; secondly, that during the pendency of this suit, the powers and duties of the county commissioners were transferred, by act of assembly, to the board of justices; and that the commissioners ceased to have any legal existence, and could not therefore maintain the suit; thirdly, that the commissioners could sue for money due to the county only, which money is always payable to the county treasurer, and that therefore the breach, in this case, should have been, that the

money was not paid to the county treasurer. All these objec-
tions are answered together by a reference to the declaration.
The plaintiffs in the Circuit Court do not appear to have sued
as a corporation, nor for moneys due to the county. It is true
that they style themselves county commissioners, but they do
not state that the money is due to them as commissioners. They
lay it as if due to them in their own right, for money had and
received, not to the use of the county, but to their own use;
and the judgment is given to them in their own right, and not
for the use of the county. If this money belongs to the county,
the way is open for the county to obtain it; but there is nothing
in this record to show that the county has any claim upon it;
so that the style of county commissioners, adopted by the plain-
tiffs, can only be considered as a *descriptio personarum.*

*Per Curiam.*—The judgment is affirmed with 5 *per cent.* da-
mages.

*Thornton, Thompson,* and *Howk,* for the plaintiff.
*Nelson,* for the defendants.