May Term,
1857.

WOMACK
v.
McAHREN.

---

WOMACK *v.* McAHREN and Wife.

Process served on *Friday*, the 22d day of *June*, 1855. Court commenced on *Monday*, the second day of *July*, following. *Held*, that, excluding the first day, and including the last, the service was in time.

The intervening *Sundays* are included in computing the ten days, except where *Sunday* is the last day.

If a defect of parties be not tested by demurrer or answer, it is waived.

Monday,
May 25.

APPEAL from the *Decatur* Court of Common Pleas.

STUART, J.—*McAhren* and wife sued *Womack* on a promissory note made to the wife during coverture, for her share of her father's estate. Judgment for the note and interest. *Womack* appeals.

The first point made is, whether the service was in time. The defendant moved to continue because, as is assumed, the summons was not served ten days before Court. This motion the Court overruled. The record shows that on the third of *July* the parties appeared, and a rule was taken against the defendant to plead at the next calling. On the fifth of *July* the parties again appeared, and the defendant moved for the continuance. It might, perhaps, be sufficient to say, that the sole purpose of the summons was already answered by the appearance of the defendant in Court. Objections to process, and other preliminary and merely formal matters not going to the merits, should be taken at the earliest moment (2 Blackf. 78; 3 Blackf. 207; 8 Blackf. 58; 5 Ind. R. 230); and in this instance the motion for continuance should have come in the form of a suggestion, as *amicus curiæ*. 2 Ind. R. 54. After appear-

ing and suffering the rule to plead to pass on the third day, it seems too late to take advantage of the service on the fifth.

But as the same point is before us in several cases, we may as well meet it at once.

The facts appear to be that the process was served on *Friday*, the 22d day of *June*, 1855. Court commenced on *Monday*, the second day of *July*, 1855. The question is, was this service in time?

We think it was. The statute provides that every action shall stand for issues and trial at the first term after it has been commenced, when the summons has been served ten days before the first day of the term. 2 R. S. p. 107. It is further enacted that the time within which an act is to be done as herein provided, shall be computed by excluding the first day and including the last. If the last be *Sunday*, it shall be excluded. 2 R. S. p. 205.

We have the light of the adjudications on an analagous statute, to guide us in the construction of the act of 1852. In the revision of 1843, it is enacted that "whenever the writ shall have been served and the declaration filed ten days before the first day of the term," the suit shall stand for trial. R. S. 1843, p. 705. In the new statute, the provision is, that the cause shall stand for trial when the summons has been served ten days before the first day of the term. 2 R. S. 107. The phraseology as to the point before us is identical. Both require the service to be made ten days before the first day of the term. This was substantially the statutory provision through all the revisions of 1831, 1838, and 1843. Under these several statutes it was invariably held that a service on the *Friday* week before Court, was sufficient.

Nor does the statutory rule of excluding the first day and including the last, make any difference. That was the law long before the statute was enacted. Indeed, the statute was but enacting the decision of the Supreme Court. Thus, that the day of the service was to be excluded, was expressly decided in *Krohn* v. *Templin*, 2 Ind. R. 146; *Hathaway* v. *Hathaway*, 2 Ind. R. 513; *Swift* v. *Tousey*,

May Term,  5 Ind. R. 196,—overruling the earlier decisions in 1 Blackf.
1857.   392; 4 Blackf. 329; 5 Blackf. 319.   But even before the
COLSON   adoption of the new rule of computation, as announced in
v.   2 Ind., *supra*, a service on *Friday* to appear the *Monday*
SMITH.   week following, was always considered a good ten days'
service.

We cannot see that it alters the case where the ten days' service, and the rule of computing time are both made statutory. We think the service sufficient (1). *Friday*, the day of the service, is excluded. *Monday*, the day of the appearance or act done, is to be included. *Sunday*, not being the last day, is also included, as well as the prior *Sunday*, in computing the ten days. It is only when the act is to be done on *Sunday* that that day is to be excluded. 2 R. S. p. 205, *supra*.

As the record is made up, there is no question of parties before us. If there be any defect in that respect, it should have been tested either by demurrer or answer. 2 R. S. p. 39. Failing to take advantage of it in either mode, was a waiver of such defect, if any. *Id. supra.* It was too late to make the point on evidence, or in this Court.

*Per Curiam.*—The judgment is affirmed, with 3 per cent. damages and costs.

*J. Gavin* and *J. R. Coverdill*, for the appellant.

(1) See *Martin et al. v. Howell et al.* 8 Ind. R. 501 ; *Dugdale* v. *Ryan, id.* 529.