### HUNTER ET UX. *v.* FRANCIS.

PRACTICE.—*Motion to Set Aside Default.*—*Excusable Neglect.*—A judgment taken against a defendant in an action, through his "excusable neglect," may be set aside on notice to the opposite party, supported by affidavit showing facts constituting such "excusable neglect," and that the defendant has a meritorious defence to the action, in whole or in part.

From the Ripley Circuit Court.

*G. Durbin, Z. T. Hazen* and *F. M. Trissal,* for appellants.

*W. D. Willson,* for appellee.

HOWK, J.—At the February term, 1876, of the court below, in an action then and there pending, wherein the appellee was plaintiff and the appellants were defendants, a judgment by default was rendered by said court, in favor of the appellee and against the appellant Charles N. Hunter, for the sum of seven hundred and six dollars and ninety-seven cents, and costs of suit, and against both appellants for the foreclosure of the mortgage sued on, and the sale of the mortgaged property, etc.

At the September term, 1876, of the court below, the appellants filed their complaint against the appellee, in which they demanded that the said judgment and default be set aside, that they be permitted to defend and file pleadings in said action of foreclosure, and for all proper relief. To this complaint the appellee appeared and demurred, upon the ground that it did not state facts sufficient to constitute a cause of action; but, on the appellant's motion, the court below rejected said demurrer. And, on the further motion of the appellants, this cause was submitted to the court below on their complaint, and the affidavits filed in support of the same; and the court held the same insufficient to set aside said default, and found for the appellee, to which decision the appellants excepted and filed their bill of exceptions. And judgment was

rendered by the court below upon its finding, from which judgment this appeal is now prosecuted.

In this court, the only alleged error, assigned by the appellants, is, that the court below erred in overruling their motion to set aside the said default and judgment in said suit for foreclosure, and in refusing to allow the appellants to answer in said suit. Appellants' motion, though in form a complaint, was evidently made under the authority of the last clause of the 99th section of our code of practice. This clause provides, that the court "shall relieve a party from a judgment taken against him, through his mistake, inadvertence, surprise or excusable neglect, and supply an omission in any proceeding on complaint or motion filed within two years." 2 R. S. 1876, p. 82.

It abundantly appears in appellants' complaint, and in the affidavits therewith filed, on which their motion was founded, that they had a good and valid defence to about one-half of the amount of the appellee's judgment; or, in other words, that if the appellee had allowed the appellants credits for all the payments made by them, before the commencement of the original action, she could not have obtained a judgment against them for more than about one-half of the amount of the judgment rendered.

The only question in this case for our consideration is, whether or not it can be said that the appellee's judgment was taken by default against the appellants, through their "excusable neglect." In the case of *Lake* v. *Jones*, 49 Ind. 297, it was said by BUSKIRK, J., that "it is difficult to define just what is meant by ' excusable neglect,' " and we concur in his view of the expression. But it seems to us, that, in this case, the judgment by default was taken against the appellants, through their "excusable neglect."

It appears from the record, that the appellant Charles N. Hunter and the appellee were own brother and sister; that, in making payments to the appellee, from time to time, on the note and mortgage in suit, the said appellant

took from his sister no receipts for the payments made, and kept no memoranda either of the dates or amounts of such payments, but relied implicitly on his sister to give him the proper credits on said note; that, when the appellee brought her said suit, the appellants resided in Clay county, in this State, and had no means to pay their travelling expenses from their residence to Versailles, in Ripley county, to attend on the court below; and that, as the appellee was his sister, the appellant Charles N. Hunter had reason to believe that the appellee would not take any judgment against him for an amount he did not justly owe her.

Under the facts and circumstances of this case, as shown by the record, in our opinion, the neglect of the appellants, through which appellee's judgment by default was taken against them, was excusable. And, therefore, we hold that the court below erred, in overruling the appellant's motion to set aside said default and judgment, and in refusing to allow the appellants to answer in said suit.

The judgment of the court below is reversed, at the appellee's costs, and the cause is remanded, with instructions to sustain the appellants' motion to set aside the judgment and default in the original suit, and to allow the appellants to answer therein, and for further proceedings.