No. 7830.

### SLAGLE *v.* BODMER ET AL.

PRACTICE.—*Application to Set Aside Judgment.*—*Demurrer.*—Where a demurrer was filed to a complaint, under sec. 99, 2 R. S. 1876, p. 82, to set aside a judgment, and on the hearing the court announced that "The submission of the demurrer was and must be regarded as a full submission of the cause upon the facts stated in the motion," and this announcement was "acquiesced in by the parties," the plaintiff on appeal can not complain of the ruling of the trial court so announced.

SAME.—*Final Judgment.*—In such case, where the evidence is agreed to upon submission of the demurrer, the party demurring is entitled to final judgment, on a decision in his favor.

SAME.—*Motion to File Amended Complaint.*—In such case, a motion of the plaintiff for leave to file an amended complaint was correctly overruled. A party can not amend after a final decision against him.

SAME.—*Illness of Defendant's Wife.*—*Residence Remote from County Seat.*—*Default.*—*Excusable Neglect.*—Under sec. 99, 2 R. S. 1876, p. 82, an excuse for not giving his case attention, that the defendant was detained at home, sixteen miles from the county seat, by the serious illness of his wife, is sufficient; and he can not be justly charged with inexcusable neglect if he suffers a default because of his failure for such cause to appear at the time the cause was set down for trial.

Slagle *v.* Bodmer *et al.*

SAME.—*Meritorious Defence.*—*Pleading.*—In addition to showing a reasonable excuse, the party must show that there is a meritorious and valid defence to the action. It is not sufficient to aver, in general terms, that the defendant has a meritorious defence. The facts constituting the defence must be fully stated, in order that the court may judge whether there is, or is not, a meritorious defence.

SAME.—*Demurrer in Law and to Agreed Evidence.*—Where a case was submitted upon demurrer, with an agreement, by acquiescence, that the facts be taken as true, exhibits accompanying the complaint constituted matters of agreed evidence, although not proper as matters of pleading, and the complaint itself, by agreement of the parties, was at once a pleading and an instrument of evidence.

SAME.—*Bill of Exceptions.*—In such case, the verified complaint need not be incorporated in a bill of exceptions to become a part of the record, and a reference to it in the bill shows plainly that it was acted upon as both pleading and evidence already in the record.

WOODS, J., dissents.

From the Shelby Circuit Court.

*J. B. McFadden* and *J. W. Tomlinson*, for appellant.

*H. H. Daugherty, T. B. Adams* and *L. T. Michener*, for appellees.

ELLIOTT, J.—This was an application by the appellant to set aside a judgment entered against him at a previous term of the Shelby Circuit Court.

A demurrer was filed to the complaint by the appellees, and, when the cause came up for argument, the court announced that "The submission of the demurrer was and must be regarded as a full submission of the cause upon the facts stated in the motion." "This determination was," as the record states, "acquiesced in by the parties." As no objection was then interposed by the appellant, he is not now in a situation to here complain of the ruling of the court announced at the time the demurrer was submitted.

It is claimed that the court did right in treating the submission of the demurrer as a submission of the cause upon the merits, independently of the agreement of the parties. It is true that it was said in *Nord* v. *Marty*, 56 Ind. 531, in a proceeding such as that here under examination, that "This

was tantamount, in our opinion, to a submission of the cause to the court below for a hearing on the facts set out in the verified complaint." This language must be considered in connection with the facts of the case then under consideration, and, when thus taken, it ought not to be construed as laying down the broad doctrine, that a party, by demurring to a complaint to set aside a default and judgment, concludes himself from controverting the facts stated as showing excusable neglect, in case his demurrer is overruled. Nor, on the other hand, if the demurrer is sustained, should it be considered as entitling the demurring party to a final judgment as if a trial had been had upon the evidence, except in cases where the parties elect to so treat it. But whatever may be the true rule where there is no agreement of parties, it certainly is proper to treat the submission as upon the merits, where there is, as here, an agreement to that effect.

The court sustained appellees' demurrer to appellant's complaint. Upon the announcement of this ruling the appellant asked leave to file an amended complaint. The court refused to permit this to be done. There was no error in this ruling. The parties by their agreement had submitted the cause "upon the facts stated in the motion." The decision of the court was, under this agreement, a final one. When the ruling of the court was announced, the right of appellant to amend or dismiss was gone. A party can not amend after a final decision has been entered against him.

The remaining question is as to the sufficiency of the facts stated in the verified complaint to entitle appellant to the relief asked. The excuse for not giving the case attention was that the appellant was detained at his home, sixteen miles from the county seat, by the serious illness of his wife. We regard this as a sufficient excuse. A man not only may, but should remain with his wife when she is seriously and dangerously ill, and he can not be justly charged with inexcusable neglect if in so doing he suffers a default because of

his failure to appear at the time the cause·was set down for trial. We are not to be understood as holding that it is every case of illness of the wife which will justify the husband in permitting the trial day to pass without attention ; but in this case the allegations upon this branch of the motion are unusually full and strong.

It is not, however, sufficient to show a reasonable excuse for neglecting or failing to appear at the time appointed for trial, but it must also be shown that there is a meritorious and valid defence to the action. Appellees insist that the verified complaint is defective in this particular, because the character of the defence is not set out in the body of the pleading. It is no doubt true, as counsel insist, that it is not sufficient to aver in general terms, that the defendant has a meritorious defence. The facts constituting the defence must be fully stated in order that the court may judge whether there is, or is not, a meritorious defence.

The verified complaint of appellant files copies of the complaint and answer in the cause in which the default and judgment were rendered, and properly designates them as exhibits. It is also stated that "The plaintiff further shows to the court that from his own knowledge and information he believes the matters and things alleged by him in his answer herein are true in substance and in fact, and he further avers that he verily believes he could and would have fully established the truth of the same, had he been present in court at the time the said cause was called for trial in this court as aforesaid."

The appellees insist that these exhibits were no part of the complaint. If the pleading is to be regarded as a complaint in the strict sense of the term, then this contention must be held to be correct, for it is firmly settled that copies of instruments filed as exhibits which do not constitute the foundation of the action or defence are not parts of the pleading with which they are filed. From this rule we have

not the slightest inclination to depart. But the case in hand is not within either the letter or the spirit of the rule.

We have already declared that appellant was bound by the ruling of the court that the submission should and would be regarded as a submission upon the facts stated in the complaint or motion. We hardly need add, so also were the appellees. The motion was, therefore, by agreement of both parties submitted for final hearing and determination upon the merits. The matters stated in the affidavit were conceded to be true, not as matter of pleading, but as matter of evidence. This admission was not as to part only of the matters stated in the motion, but as to all. Among these matters thus conceded to be true, was the fact that the appellant did have a meritorious defence to the action in which the judgment and default were entered. The exhibits which accompanied the verified complaint were, by the theory adopted by the court and assented to by the parties, parts not merely of a pleading, but of an instrument of evidence. Exhibits of collateral instruments are proper as matters of evidence, although not proper as matters of pleading. Upon the hearing, the paper and the accompanying exhibits were treated as evidence, and were not regarded as pleadings under consideration upon demurrer. The verified complaint, although treated as evidence by the agreement of parties and the action of the court, did not lose its character as a complaint or pleading. It still remained a pleading, although it had added to it the character of an instrument of evidence by the agreement of the parties. It was in the record as the foundation of the proceeding, and did not get out of it when the parties agreed that it should be regarded as evidence.

The pleadings in the original action are, it is true, referred to as exhibits, but, as set out in the record, they precede the affidavit attached to the complaint. In the affidavit these, among other, statements are made, to wit:

Slagle *v.* Bodmer *et al.*

"That he [appellant] can, as he verily believes, fully es-tablish his said defences to said action, as set forth in his an-swers hereto annexed, marked exhibit 'B,' all of which de-fences this affiant believes to be true in substance and in fact, as set forth in his said answer, marked exhibit 'B.' " We think the answers are so blended with the body of the com-plaint, and so interwoven with the statements of the affidavit attached to the complaint, that it is impossible to sever them. The court must have had all the papers before it, and we must regard the decision as being based thereon.

Appellees insist that we can not consider the question upon the ruling of the court below, because the verified complaint is not incorporated in the record by bill of exceptions. We do not think this position can be maintained. Taking the recitals of the bill of exceptions in connection with the pleadings forming part of the record, and the entire pro-ceedings in the cause are fully and clearly exhibited. The bill of exceptions states "that the said cause was called for trial, when the said Bodmer and Lee filed their demurrer to the motion herein, at which time the court notified each party that the submission of the demurrer was, and must be, regarded as a full submission of the cause upon the facts stated in the motion, which was acquiesced in by each party, and the said motion was thereupon, by the parties, submit-ted to the court upon said motion; such proceedings were thereupon had in said cause that the court sustained the de-murrer to said motion, to which the petitioner, Slagle, at the time excepted; and the court thereupon proceeded at once to render judgment upon said motion, to which the petitioner, at the time excepted." The reference to the motion which was in the record, not only properly, but as the foundation of the whole proceeding, shows plainly upon what the court acted. Not only were the facts stated in the motion confessed by the demurrer, but they were admitted

by the agreement which the parties accepted at the command of the court. The demurrer and motion were already in the record, the agreement was brought into it by the bill, and all material matters are, therefore, fully exhibited in the record before us.

The agreement did not admit as true some part only of the motion. It admitted all the facts stated in the motion. Regarded as evidence, the principal instruments, with its annexed exhibits, were fully before the court below, and are fully before us. It is legally impossible to sever the component parts of the motion, for the submission was upon the whole motion, and not upon any part or parts thereof.

Judgment reversed, at costs of appellees.

WOODS, J., dissents.