### No. 8106.

### Monroe et al. *v.* Paddock, Trustee

Practice.—*Summons.*—*Return Day.*—*How Ten Days' Service is Counted.*—*Statute Construed.*—Under section 315 of the civil code, as amended by the act of March 6th, 1877, Acts 1877, p. 105, the ten days' service of a summons on a defendant is counted by excluding the day of service and including the return day. Service on the 9th day of June for the 19th was good ten days' service.

Same.—*Setting Aside Default.*—*Excusable Neglect.*—Where court met and entered default and judgment at 8 o'clock in the morning of the return day, and, by affidavit submitted the same day, the defendants showed that they lived eleven miles distant, had no public conveyance, travelled by private conveyance, reached the court-house at 9 o'clock, and employed counsel, and set forth therein a good and legal defence to the whole of plaintiff's claim, the trial court erred in overruling their motion to set aside the default and permit them to answer the complaint. Such neglect may well be regarded as excusable neglect, under section 99, 2 R. S. 1876, p. 82.

Same.—*Promissory Note.*—*Defence.*—*Alteration.*—In such case, being an action on promissory notes, a defence that, since the execution by the defendants of the notes sued on, the notes had been materially altered, and that they never executed them as they appeared, constituted a good defence.

From the Starke Circuit Court.

*J. D. McLaren,* for appellants.

*T. J. Merrifield* and *W. C. Boyles,* for appellee.

BICKNELL, C. C.—The appellants were the makers of two promissory notes, payable to the order of Gallup & Peabody, and to secure the payment thereof they mortgaged land to Paddock, as trustee. The notes being due and unpaid, Paddock, as trustee, brought suit upon them and the mortgage, and obtained a judgment, from which this appeal was taken. The appellants assign four errors, to wit:

"*First.* The court erred in defaulting the defendants on the return day of the summons, the fourth day of the term, at the morning call of the docket.

"*Second.* The court erred in permitting the defendants to be defaulted on the morning of the return day of the summons, on less than ten days' previous notice before the return day of the summons.

"*Third.* The court erred in refusing to hear appellants' motion, and affidavit in support thereof, to set aside the judgment and default, which appellants' counsel proposed to the court to file on the afternoon of the fourth day of the term, that being the return day of the writ.

"*Fourth.* The court erred in overruling appellants' oral motion, supported by their affidavits, to open the judgment and set aside the default taken against them."

By the act of March 6th, 1877, Acts 1877, p. 105, section 315 of the practice act was amended so that the plaintiff, by endorsement upon his complaint, may require the summons to be made returnable upon any day in term, and, if the summons be personally served ten days before such return day, the action shall stand for issue and trial at such term, etc.

The June term of the Starke Circuit Court, for 1879, began on the 16th of June. The complaint in this case was filed on the 7th of the same month. It was endorsed by the plaintiff's attorney as follows: "Clerk will issue summons for defendants to the sheriff of Starke county, Indiana, for the fourth day of the term." The fourth day of

the term was the 19th day of June. The summons was issued returnable on that day, and was returned by the sheriff as personally served on each of the appellants, on the 9th day of June. The appellants were defaulted, and judgment was rendered against them, upon the default, on the 19th day of June. They claim this was not ten days' service, within the meaning of the act of March 6th, 1877.

Upon this point the same construction must be given to section 315, since the amendment, as was given before. It was always held that the time, in such cases, is counted by excluding the day of service, and including the return day. Service on the ninth day for the nineteenth was good ten days' service. *Womack* v. *McAhren*, 9 Ind. 6. The court below committed no error in rendering the judgment by default, on the 19th day of June.

The last two assignments of error may be considered together.

It appears by a bill of exceptions, that, in the afternoon of the return day, "the appellants appeared, by counsel, and proposed to file their affidavits to set aside the default and judgment against them, and that the court, being otherwise engaged, the same was filed and heard the next morning, which motion and affidavit are as follows, to wit:

"State of Indiana, Starke county, ss: In the Starke Circuit Court.

"George L. Paddock, Trustee, etc., v. Norman Monroe and Addison Morrow. Affidavit and motion to set aside default.

"Norman Monroe and Addison Morrow, defendants in the above entitled case, being each duly sworn, upon their respective oaths, say that they were summoned to appear to-day in this court, to answer the plaintiff's complaint in the above stated action, and, in obedience to said summons, they started from their respective homes, distant eleven and twelve miles from the court-house; that the only way of

reaching the court-house, from their homes, is by private conveyance, and they came in a buggy; that they reached Knox about 9 o'clock this forenoon, intending to retain counsel to enter an appearance and file an answer for them in said action; that they repaired to the court-house immediately after their arrival in Knox this morning, where they learned that they had been defaulted, and judgment entered against them in said action, the court having met at 8 o'clock A. M. this morning, as affiants are informed and believe; that they have a good and legal defence to the whole of plaintiff's claim in said action, the nature and character of which is as follows: That they never executed the notes mentioned in the complaint, nor either of them, as they now appear; that the figures '20,' before the word dollars in the last line of each of said notes, has been inserted since said notes were executed, without the knowledge or consent of these affiants, or either of them; that said notes, when they were executed, had no amount of attorney's fees expressed therein, and it was agreed and understood that affiants were not to pay any attorney's fees, but as they now appear they each provide for $20 attorney's fees, which has been added since their execution, without affiants' knowledge and consent, and affiants say that they did not execute said notes.

[Signed] "N. MONROE,

"ADDISON MORROW.

"Subscribed and sworn to, in open court, this 19th day of June, 1879. M. P. HEPNER, Clerk."

The motion was overruled, and the appellants excepted.

Under the circumstances set forth in the affidavits, the motion to set aside the default ought to have been sustained; the defendants had a good defence. *McCoy* v. *Lockwood*, 71 Ind. 319. The default was taken according to law on the 19th day of June, but the appellants on that day were striving to obey the summons. The meeting of the court at 8 o'clock in the morning enabled the appellee to obtain his

judgment by default before the appellants reached the court-house. But the appellants were there about 9 o'clock; they had their affidavits ready, and made their motion to set aside the default on the same day, the tenth day after service of the summons; the court declined then to hear it, but heard it the next morning. That is the same as if it had been heard on the return day; the appellants lived a long way from the court-house; there was no public conveyance; they had to travel in a private vehicle. Their neglect to be in the court-house at 8 o'clock in the morning, under the circumstances of this case, may well be regarded as excusable neglect. Practice Act, sec. 99; *Hunter* v. *Francis,* 56 Ind. 460; *Bristor* v *Galvin,* 62 Ind. 352.

The judgment of the court below ought to be reversed, and the cause remanded, with instructions to said court to grant the motion to set aside the default and judgment, and to permit the appellants to answer the complaint.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be, and the same is hereby, in all things reversed, at the costs of the appellee, and this cause is remanded, with instructions to the court below to set aside the default and judgment, and permit the appellants to answer the complaint.