No. 8238.

MORRIS v. BUCKEYE ENGINE COMPANY ET AL.

JUDGMENT.—*Default.*—*Action for Relief under Section* 99.—*Practice.*—*Issues.*— *Proof.*—An applicant, under section 99 of the code, for relief from a judgment by default, need not prove his alleged defence to the original action, but he must prove his excuse for suffering the default, and the proof *pro* and *con* may be by affidavit, including the applicant's verified complaint

or motion, or by oral testimony, or by both kinds of evidence, in the discretion of the court.

SAME.—*Evidence.*—*Record.*—The exclusion of evidence on a particular point, or of a particular kind, presents no question when the record does not show what other evidence was offered.

SAME.—*Decedents' Estates.*—*Personalty belongs to Representative, not to Widow and Heirs.*—*Action.*—*Parties.*—In an action, under section 99 of the code, to be relieved from a judgment on default, the complaint alleged that after the death of the judgment plaintiff, who had obtained a judgment upon a contract whereby M. and another had agreed to release the judgment plaintiff from a debt owing by him to B., B. procured an order against the widow and heirs, the administrator not being made a party, substituting B. as plaintiff in the judgment, and hence B. is made defendant to the application to set the judgment aside.

*Held,* that the order substituting B. as plaintiff was a nullity.

*Held,* also, that the judgment belonged to the administrator, not to the widow, and that B. was consequently not a necessary party to the plaintiff's application, and, the administrator having made default, the plaintiff was entitled as against him to an order setting the default aside.

From Blackford Circuit Court.

*W. March,* for appellant.

*B. G. Shinn* and *W. H. Carroll,* for appellees.

WOODS, J.—This case was an application under the 99th section of the Civil Code, to be relieved from a judgment on default, taken against the appellant in favor of James Swoveland, since deceased, and whose administrator, James Sommerville, was made a defendant. The motion or complaint was duly verified, and, besides the ordinary averments necessary to such an application, showed that the judgment from which relief was sought was rendered on a contract purporting to have been made by the appellant and others, whereby they agreed to release Swoveland from a debt of $1,150, owing by him and others named to the Buckeye Engine Company; and that after the rendition of the judgment said company, on an application to which the appellant was not made a party, had procured an order of the court against the heirs and widow of Swoveland, no others being made parties to the procedure, declaring said company to be substituted as

plaintiff in the judgment, instead of said widow and heirs; and that for this reason said company was made a defendant to the application.

The record shows a default duly taken against the administrator of Swoveland, a submission of the motion by the plaintiff, Morris, and the defendant, the Buckeye Engine Company, to the court for a hearing and trial, and a finding and judgment for the defendants, the appellees.

It is claimed that the court erred in the following particulars:

*First.* In overruling the motion for a new trial.

*Second.* In overruling the motion of the appellant to set aside the default and judgment.

*Third.* In finding for Sommerville after he had made default.

The causes stated in the motion for a new trial are the following:

1st. The finding is contrary to the law and to the evidence, and is not sustained by sufficient evidence.

2d. The court erred in refusing to permit the plaintiff to testify in his own behalf in relation to his defence to the original action, and in relation to his alleged excuse for not appearing to the action.

3d. The court erred in refusing to permit the plaintiff to read in evidence his written motion in the case, verified by his affidavit, or any portion thereof.

4th. The court erred in overruling the plaintiff's motion to set aside the default against him as to each of the defendants.

It was not necessary that the appellant should make any proof of his alleged defence to the original cause of action. That is a matter which can be tried only in the original action, and for the purposes of this proceeding can not be disputed. Buskirk's Prac. 276–8, and cases cited.

Whether his alleged excuse for permitting the judgment to go by default was true in fact, was a matter to be tried either upon affidavits *pro* and *con*, including the verified complaint

Morris v. Buckeye Engine Company et al.

or motion, which was proper to be considered on the part of the plaintiff, or upon oral proofs, or upon proofs of both classes, in the discretion of the court.

There is a bill of exceptions in the record, showing that the court excluded testimony offered by the appellant, as complained of in the motion for a new trial; but whether the rulings were harmful to the appellant it is impossible to say, for the reason that the record does not show what other proof, or indeed that any other proof, was offered. We can not say that it was shown that the judgment had ever been taken, from which it was sought to be relieved, or, if taken, that the engine company had or claimed any interest therein, real or apparent. It is clear, therefore, that for any or all the reasons assigned we can not reverse the judgment as against said company.

If it be true, as alleged, that the widow and heirs of Swoveland, alone, were made parties to the proceeding by which the engine company was substituted as plaintiff in the judgment, the order for the substitution is a nullity, for the want of the administrator as a party; for he alone was the representative of the estate; and, this being so, the engine company was not a necessary, though a proper, party to the appellant's application to set aside the default.

As to the appellee Sommerville, administrator of Swoveland's estate, his default admitted the truth of the petition, and entitled the appellant to a judgment against him, setting the default aside, and admitting the appellant to defend. Whether such permission can now be of any avail to him depends, of course, on the fact whether the engine company did procure a valid order for its substitution as plaintiff and owner of the judgment from which the appellant seeks relief.

The judgment of the circuit court, in favor of the Buckeye Engine Company, is affirmed, with costs; and the judgment in favor of the appellee James Sommerville, administrator of the estate of James Swoveland, is reversed, with costs and with instructions to proceed in accordance with this opinion.