No. 8629.

BOWEN ET AL. *v.* BRAGUNIER.

DEFAULT.—*Setting Aside.—Judgment.—Negligence.—Practice.*—A defendant duly summoned, upon the advice of the sheriff and others, having no authority in the matter, that it was unnecessary for him to appear, suffered a default, and thereupon an unjust judgment was rendered against him; after the term he applied to have the default set aside that he might defend, and the application was granted.

*Held,* that this was fatal error, his default having been suffered by his inexcusable negligence.

From the Carroll Circuit Court.

*L. E. McReynolds, J. W. Gordon, R. N. Lamb* and *S. M. Shepard,* for appellants.

*J. Applegate* and *C. R. Pollard,* for appellee.

NIBLACK, J.—In January, 1863, Samuel Bragunier was, by the common pleas court of Carroll county, appointed guardian of the person and estate of William H. Bragunier, who was a minor and the owner of property requiring the care of a guardian.   On the 28th day of December, 1863, out of moneys which came into the hands of the said Samuel as such guardian, he loaned to William H. McCain the sum of $1,038.-31, for which McCain executed his note payable to the said Samuel, as the guardian of his said ward, one year after date, with interest, and to secure the payment of that note McCain executed to the said Samuel, as such guardian, a mortgage on about 124 acres of land in the county of Carroll.   On the

30th day of June, 1869, McCain executed his note to Rachel Williams for $548.53, payable one year after date, with ten per cent. interest.  McCain also executed a mortgage on the same lands described in the mortgage to Bragunier, to secure the payment of his note to the plaintiff, describing her as the guardian of Gustave Diels.  On the 4th day of November, 1874, McCain executed his note to Enoch Bowen for $785.- 78, payable one day after date, and placed another mortgage on the same lands to secure the payment of that note.  On the 3d day of March, 1875, Rachel Williams, describing herself as guardian of Gustave Diels, commenced an action in the Carroll Circuit Court for judgment on the note executed to her by McCain, and for the foreclosure of the mortgage given to secure that note, making McCain, the said Samuel Bragunier, describing him as guardian of his said ward, Jacob Knettle, Enoch Bowen, Daniel McCain, Abner H. Bowen, Samuel H. Robinson, James R. Blanchard, John Burr and John H. Burr defendants to the action.

The said Rachel averred in her complaint that the mortgage executed to Bragunier had been fully paid, though not entered satisfied of record; that all the defendants, except McCain, the mortgagor, and Bragunier, claimed some interest in the mortgaged lands, the nature and extent of which was unknown to her, but that all of such interests, if any such existed, were junior to her mortgage.

Besides answering the complaint, at the ensuing April term of court, Abner H. Bowen filed a cross complaint alleging that he was the holder by assignment of the note and mortgage given to Enoch Bowen, and demanding the foreclosure of that mortgage also.  Some of the other defendants also answered the complaint, but McCain, the mortgagor, and Bragunier made default.

Upon a hearing the court found that there was due to the plaintiff the sum of $597.01; that there was due to Abner H. Bowen upon the note described in his cross complaint the sum of $888.65; that there was due to the defendant Knettle

the sum of $1,338.39, which was also a lien on the mortgaged lands, and that the liens of all the defendants were junior to the mortgage lien of the plaintiff.

The court thereupon rendered a personal judgment against McCain for the amount found to be due from him to the plaintiff, and ordered a foreclosure of the plaintiff's mortgage and a sale of the mortgaged lands to pay the judgment as well as the sums respectively found to be due to Bowen and Knettle as junior liens on those lands, declaring all the liens held by any of the defendants to be junior to the lien of the plaintiff.

On the 14th day of June, 1875, which was after the close of the April term of that year at which the foregoing proceedings were had, Samuel Bragunier filed in the office of the clerk of the Carroll Circuit Court a sworn statement in writing in the form of a motion, but in the nature of a complaint, alleging his appointment as guardian of his ward, William H. Bragunier, as well as his loan of money to, and his taking a note and mortgage from, William H. McCain; also setting forth a brief synopsis of the proceedings in said court, which we have set out as above; also charging that the note and mortgage taken by him of McCain had never been fully paid, only $700 having been paid thereon on the 29th day of March, 1866, and that the court did not find that they had been paid in full; also admitting that process had been duly served upon him in that action, but averring that when he was so served with process, the sheriff informed him that it would not be necessary for him to appear in the action; that he afterwards consulted with the step-father of his ward, who also advised him that he need not appear in the cause; that being by occupation a farmer, unfamiliar with the proceedings of courts, and knowing that his was the oldest outstanding mortgage on the lands described in the complaint of the said Rachel Williams, and not conceiving it to be possible that an older unsatisfied mortgage could be postponed to one of more recent date, he relied on the advice given him as above stated, and did not appear in the action, and did not learn that anything

had been adjudged affecting his rights until the close of the term at which the judgment herein above referred to was rendered; also representing that his said ward was the real party in interest, and the person to whom the senior note and mortgage taken and held by him as above belonged; that there had been no service of process upon his said ward and no appearance of any kind in the action for him. Wherefore he, the said Samuel Bragunier, demanded that the default taken against him should be set aside, and that he should be permitted to appear in the cause and plead to the complaint of the said Rachel Williams, and that he might have such proceedings as were necessary to secure for his mortgage that priority of payment to which it was lawfully entitled.

All of Bragunier's co-defendants in the original action, together with Rachel Williams, the plaintiff therein, and Gustave Diels, her ward, were made defendants to this proceeding, and process was served upon them accordingly.

Counter affidavits were filed, one by the sheriff denying that he had told Bragunier that it was unnecessary for him to appear in the action, and another by another person who stated that after Bragunier was served with process, he overheard a conversation between Bragunier and one of the attorneys of Carroll county, in which the attorney told him, Bragunier, that it was his duty to appear in the action and see that his interests were protected. In a subsequent affidavit filed by him, Bragunier substantially admitted the conversation with an attorney, as charged, but explained that it was a merely casual conversation, and not a formal consultation for the purpose of obtaining legal advice.

The court, after considering the matters alleged in the complaint and counter affidavits, set aside the default taken against Bragunier, and permitted him to answer the complaint, and to set up his note and mortgage by way of cross complaint.

Upon a further hearing the court rendered a personal judgment against McCain for an alleged balance due on his note

to Bragunier, and ordered a foreclosure of Bragunier's mortgage, declaring it to be a lien prior to, and older than, the mortgages foreclosed in favor of Rachel Williams and Abner H. Bowen, and ordering the original judgment to be modified accordingly.

Error is assigned in various forms upon the proceedings on the complaint of Bragunier to have the default taken against him set aside, and in such a way as to call in question both the sufficiency of the complaint as well as of the evidence upon which the court set aside the default.

We are of the opinion that the complaint was not sufficient to entitle Bragunier to the relief demanded, and that, consequently, as the sworn statements contained in the complaint constituted the evidence upon which the default was set aside, the decision of the court setting it aside was not sustained by sufficient evidence. Conceding Bragunier's claim that both the sheriff and the step-father of his ward advised him that it was not necessary to appear in the action, that did not relieve him of any responsibility in failing to appear. These men were not shown to have had any interest in or control over the estate in Bragunier's hands, and were hence presumably not in a position to give authoritative advice concerning its management.

When summoned to appear in the action Bragunier became chargeable with notice of all the complaint filed in it contained, and the mere opinions of persons not connected with the case, however numerous, that his presence in court was not necessary, could not relieve him of the duty of inquiring into the nature and object of the action against him. Nor could any mere conjectures as to what might or what might not probably be the course of proceeding in the cause, relieve him of that duty. In these respects this case falls substantially within the rule laid down in the cases of *Lake* v. *Jones,* 49 Ind. 297, and *Snipes* v. *Jones,* 59 Ind. 251. The default which Bragunier suffered to be taken against him appears to us to have been the result of " inexcusable " rather than " ex-

cusable" neglect. Nor did the failure to make Bragunier's ward a party defendant to the original action constitute a circumstance of any importance in the application to have Bragunier's default set aside.

Although Bragunier was the mere trustee of his ward's estate, yet, as to contracts entered into by him concerning the estate in his hands, he was the only necessary party to an action, either for their enforcement or annulment. *Stevenson* v. *Bruce*, 10 Ind. 397; *Vogel* v. *Vogler*, 78 Ind. 353; Perry Trusts, section 328; 2 R. S. 1876, p. 34, section 4.

The conclusion we have reached is that the court erred in setting aside the default against Bragunier, and in permitting him to appear in and plead to the original action. *Indianapolis, etc., Co.* v. *Caven*, 53 Ind. 258; *Hunter* v. *Francis*, 56 Ind. 460; *Bristor* v. *Galvin*, 62 Ind. 352; *Adams* v. *Citizens State Bank of New Castle*, 70 Ind. 89; *Slagle* v. *Bodmer*, 75 Ind. 330; *Morris* v. *Buckeye Engine Co.*, 78 Ind. 86; *Lawler* v. *Couch*, 80 Ind. 369.

The order setting aside the default against Bragunier, and the judgment modifying the judgment in the original action, are both reversed, with costs, and the cause is remanded for further proceedings.

Opinion filed at the November term, 1882.

Petition for a rehearing overruled at the May term, 1883.