Filed Nov. 8, 1883.

No. 10,735.

REIGELSBERGER v. STAPP.

SUMMONS.—*Service of.*—The time of the service of a summons is to be computed by excluding the day of service and including the return day, and, therefore, service on the 5th day of the month for the 15th is sufficient ten days' personal service under section 516, R. S. 1881.

From the Shelby Circuit Court.

*O. J. Glessner, E. K. Adams* and *L. J. Hackney*, for appellant.

*N. B. Berryman* and *R. W. Wiles*, for appellee.

ELLIOTT, J.—Appellant moved to set aside a default entered against him, upon the ground that the service of summons was not sufficient to drive him to answer. He places his case upon this ground alone, and does not claim that he had any defence to the action.

If there was no legal service of process then this appeal must be sustained, otherwise not. *Houk* v. *Barthold*, 73 Ind. 21. The complaint was filed on the third day of January, 1881, and was thus endorsed: "The clerk will issue summons in this cause for the defendant to appear January 15th, 1883, the same being the 25th judicial day of the December term, 1882, of the Shelby Circuit Court." The writ was served on the 5th day of January, 1883, and on the 15th day of that month judgment was entered. We think the service was in time. It was uniformly held under the original pro-

visions of the code of 1852 that the time of service was to be computed by excluding the day of service and including the return day. *Womack* v. *McAhren*, 9 Ind. 6; *Blair* v. *Davis*, 9 Ind. 236; *Martin* v. *Howell*, 8 Ind. 501; *Krohn* v. *Templin*, 2 Ind. 146. In accordance with the doctrine of these cases, it was ruled in *Monroe* v. *Paddock*, 75 Ind. 422, that service on the ninth day of the month was sufficient to entitle the plaintiff to judgment by default on the 19th day of the same month. We think we should adhere to that ruling, as it was made upon the statute now in force.

Judgment affirmed.

Filed Nov. 9, 1883.