No. 10,544.

KERR v. HAVERSTICK ET AL.

JUDGMENT.—*Default.*—*Ten Days' Service.*—*Statute Construed.*—Where a judgment by default was rendered on the tenth day after the day on which the summons in the cause was served, computing the time by excluding the day of service, and including the return day of the writ, the service was sufficient under section 315 of the civil code of 1852, as amended by the act of March 6th, 1877 (Acts 1877, p. 105).

PROMISSORY NOTE.—*Interest After Maturity.*—*Measure of Damages.*—*Interest on Judgment.*—An interest-bearing promissory note, which is silent as to interest after its maturity, will thereafter bear the same rate of interest as it lawfully bore before maturity, and such rate of interest will be the proper measure of damages in an action upon the note. While the act of February 5th, 1873, regulating interest on judgments (1 R. S. 1876, p. 600, note 1), remained in force, it was lawful to provide in the judgment that it should bear the same rate of interest expressed in the note upon which it was rendered.

SHERIFF'S SALE.—*Real Estate.*—*Execution.*—*Inadequacy of Price.*—*Setting Aside Sale.*—A sheriff's sale on execution of real estate of the alleged value of $6,400, subject to a mortgage of $4,000, for the sum of $5, will not be set aside merely on the ground of inadequacy of price.

From the Superior Court of Marion County.

*J. B. Julian* and *J. F. Julian*, for appellant.

*R. B. Duncan, C. W. Smith* and *J. S. Duncan,* for appellees.

HOWK, C. J.—This suit was commenced by the appellant Kerr against the appellees, on the 25th day of January, 1881. The objects of the suit, at the time of its commencement, appear to have been to obtain the review of a certain judgment, which the appellee Haverstick, on the 2d day of October, 1877, had recovered against the appellant and George A. Kirkpatrick, in the court below, for alleged errors of law appearing in the record, and to set aside a sheriff's sale of certain real estate of the appellant upon an execution issued on such judgment. The demurrer of the appellee Haverstick to the original complaint was sustained by the court upon the ground, as we may suppose, that the complaint showed upon its face, that appellant had not commenced his suit for the review of the judgment within three years after its rendition, as the statute then in force required. 2 R. S. 1876, p. 247, section 586. This decision was reversed by the general term, for the reason that the complaint did not show that the appellant was not under disability, and that, in such case, the limitation could only be taken advantage of by special answer. *Kent* v. *Parks,* 67 Ind. 53.

Afterwards, on May 25th, 1881, the appellant changed the form of his suit and filed a written motion in two paragraphs, to set aside the judgment so rendered against him, in favor of appellee Haverstick, on the 2d day of October, 1877, and the sheriff's sale of his real estate upon an execution issued on such judgment. The separate and several demurrers of the appellees Haverstick and Huffman, to each of the paragraphs of the appellant's motion or complaint, for the alleged want of facts therein, were overruled by the court as to the first paragraph, and sustained as to the second and third paragraphs. The appellee Haverstick answered in two special paragraphs, to each of which the appellant's demurrer, for the alleged want of facts, was overruled by the court. To this

ruling, appellant excepted, and, declining to reply or plead further, judgment was rendered against him for appellees' costs. Upon appeal, this judgment was affirmed by the general term, and from the judgment of the general term, this appeal is prosecuted.

In their brief of this cause, the appellant's counsel say: " It is claimed by appellant, that the judgment (of October 2d, 1877,) was void: 1. Because the process had not been served for the full term of ten days when it was taken ; and 2d. That said judgment embraced interest from the time of the maturity of the note sued on to the date of the judgment, at the rate of ten per cent., and that, from that time, the judgment was made to bear interest at the rate of ten per cent. until paid."   As to the first objections to the judgment, the record shows that it was rendered on the tenth day after the date of the service of process, being the return day of the writ.   This was sufficient service of process to authorize the rendition of the judgment.   *Monroe* v. *Paddock*, 75 Ind. 422.

The second objection to the judgment is not well taken. The rate of interest which the note in suit bore before it became due was the rate after maturity, and the statute then in force provided that the judgment should bear the same rate of interest.   *Shaw* v. *Rigby*, 84 Ind. 375 (43 Am. R. 96); 1 R. S. 1876, p. 600, note 1.

It is further claimed on behalf of the appellant, that the sheriff's sale of his real estate upon execution issued on said judgment, " for less than one-tenth part of its value," was invalid and void.   Upon this point, appellant's counsel say: "An interest in real estate, worth $2,400, is sold for $5, and is claimed to be held on that sort of consideration.   This court has not, heretofore, sustained a sale made upon such a consideration.   It is fraudulent *per se,* and certainly this part of the motion ought to have been sustained."   Counsel's statement of this point differs materially from the statement of the same objection to the sheriff's sale, in appellant's motion or complaint.   There, it was alleged that the real estate,

sold by the sheriff for $5, was of the value of $6,400, but was mortgaged for $4,000. The sheriff's sale of the real estate thus mortgaged, and, of course, subject to such mortgage, can not be set aside for mere inadequacy of price; and no other objection was urged to the sale, except the supposed invalidity of the judgment, and that objection, as we have seen, is not well taken.

We find no error in the record which authorizes or requires the reversal of the judgment.

The judgment is affirmed, with costs.

Filed March 14, 1884.