CITIZENS LOAN AND TRUST COMPANY *v.* BOYLES.

[No. 15,239. Filed April 24, 1936.]

*Alvin Padgett, Arthur Rogers* and *Miles G. O'Neall,* for appellant.

*Harry W. Carpenter,* for appellee.

WOOD, J.—This was an action by appellant against appellee for the collection of a promissory note. The complaint was in the usual form of complaints in actions of this kind. Appellee filed an answer in seven paragraphs. The first paragraph was a general denial. The second paragraph pleaded want of consideration. The third paragraph pleaded want of consideration as to all of the principal amount of said note in excess of the sum of $35. The fourth paragraph pleaded that the appellee's husband had at some time prior to the execution of the note sued upon in this action executed his promissory note to appellant for the principal sum of $300, on which said note he had forged the name of appellee as one of the makers thereof; that thereafter appellant brought suit against appellee upon said $300 note in the Daviess Circuit Court, wherein judgment was taken against appellee; that appellee appeared in said court upon the day that said judgment was rendered against her, but at a time after the same had been so rendered; that she was not familiar with court proceedings, was frightened and nervous, and believed that her farm would be sold that day to pay said judgment; that under such circumstances she executed the note sued upon in this action; that said original note of $300 was given without any consideration passing to her, and that the note sued upon in this action was given without any consideration except as to the sum of $—— which she had tendered to appellant before the bringing of this action, which tender was refused, and which sum appellee had paid into court for the use and benefit of appellant. The fifth paragraph pleaded substantially

the same facts as the fourth except it pleaded want of consideration as to the whole amount of the note sued upon in this action and did not plead tender. The amended sixth and the seventh paragraphs pleaded facts in substantially the same language, which as we interpret them were upon the theory of duress. These two paragraphs of answer also alleged a tender of $37.45 to appellant previous to the bringing of this action and the further fact that appellee had brought this amount into court for the use and benefit of appellant. Appellant filed a reply in general denial to the second, third, fourth, fifth, sixth and seventh paragraphs of appellee's answer. Appellant also filed a second and third paragraph of reply to appellee's second and third paragraphs of answer in which it set out somewhat in detail the items alleged to constitute a consideration for the execution of the note sued upon in this action.

On the issues the cause was tried to the court without a jury, resulting in a general finding and judgment in favor of the appellee. Appellant filed a motion for a new trial within the statutory period of time, alleging as causes therefor, that the finding of the court was not sustained by sufficient evidence, and that the finding of the court was contrary to law. This motion was overruled, and appellant appeals assigning this action of the court as error for reversal.

The note sued upon in the instant case was a negotiable instrument, Sec. 19-101, Burns 1933, Sec. 12818, Baldwin's Ind. St. 1934, and being such was "deemed prima facie to have been issued for a valuable consideration; and every person whose signature (appeared) thereon to have become a party thereto for value," Sec. 19-201, Burns 1933, Sec. 12841, Baldwin's Ind. St. 1934; *Rich* v. *Fry* (1925), 196 Ind. 303, 146 N. E. 393, 148 N. E. 202. Since the appellee

did not deny the execution of the note by a plea of *non est factum* its execution was admitted. The action was brought by appellant, the original payee of the note, so the appellee could plead a want or failure of consideration in whole or in part in the execution thereof, Sec. 2-1035, Burns 1933, Sec. 139, Baldwin's Ind. St. 1934, which she did, but the burden of proving this defense was upon appellee. Sec. 19-205, Burns 1933, Sec. 12845, Baldwin's Ind. St. 1934. *Ohio, etc., Co.* v. *Bolin* (1929), 90 Ind. App. 85, 168 N. E. 196. It therefore becomes necessary for us to examine the evidence for the purpose of determining whether or not the appellee discharged the burden thus imposed upon her.

From the evidence it appears that appellee and one Fred Boyles were husband and wife; they separated in the spring of 1928, and were thereafter divorced; previous to the spring of 1928 appellant held a note for the sum of $300, on which the names of Fred Boyles and the appellee appeared as makers. The first knowledge that she had of the existence of this note was received by her upon Thanksgiving day, 1928; she did not go to see about it until sometime during January, 1930, when she went to the office of appellant, where she saw and talked with William Young, secretary of appellant company; at that time she told Mr. Young she did not sign the note. Sometime in January, 1930, appellee received a letter from an attorney for appellant concerning this $300 note. Thereafter appellant brought suit upon the note in the Daviess Circuit Court against the appellee and caused summons to be issued and served upon her, returnable February 28, 1930. On the morning of that day the Daviess Circuit Court entered judgment in the suit upon the $300 note against the appellee in the sum of $340.65. At about ten-thirty o'clock in the forenoon on February 28, 1930, appellee, who had never had any experience in court proceedings previous to this time

arrived in the court room of the Daviess Circuit Court, where she talked with an attorney other than the attorney for appellant and he informed her that judgment had already been taken against her upon the $300 note which she asserted she had never signed. After being thus informed, appellee went to the office of the attorney for appellant, where appellee said she asked him to set the judgment aside, and told him that she was going to ask that the judgment be set aside, whereupon appellee said appellant's attorney got mad and said he would sell her farm and would make charges against her. Following this conversation, appellee, accompanied by the appellant's attorney, went to the office of appellant where she had a conversation with Mr. Young in the presence of the attorney in which it was agreed that appellee would give appellant her note for the sum of $400, which sum was made up of the following items, principal of the note on which judgment had been rendered $300, interest on said note $25.65, attorney's fees on said note $15, interest on the $400 note $28, balance in cash paid to appellee $31.35, whereupon appellant would release and satisfy the judgment rendered against appellee, which appellant did, upon appellee's execution and delivery of the $400 note to it. Appellant's attorney who brought suit upon the $300 note died, before the trial of the instant case. We have set out somewhat in detail a resume of the evidence most favorable to the appellee on this phase of the case as it appears in the record.

The parties agree, and the evidence shows without conflict that on February 28, 1930, when the appellee executed and delivered the note to appellant, which forms the basis of this action, that appellant had obtained a judgment against appellee, which so far as the record in the case discloses, was valid and binding in every particular, and was in full

force and effect at the time of the execution of said note. Even though that judgment was taken by default, so long as it stood, it was just as effectual as though rendered after a trial on the issues. 2 Watson's Work's Practice, Sec. 2145, p. 708; 2 Freeman on Judgments, Sec. 895, p. 1884.

For the purpose of obviating the binding effect of this judgment, appellee contends that it was invalid because rendered upon the return day designated in the ██ summons. There is no merit in this contention, the service of process was sufficient to authorize rendition of the judgment by the court. *Monroe* v. *Paddock* (1881), 75 Ind. 422; *Kerr* v. *Haverstick* (1884), 94 Ind. 178; *Gwinn* v. *Gary, etc., Co.* (1914), 182 Ind. 553, 103 N. E. 794. Moreover, the attack which the appellee makes in the case at bar upon the judgment rendered against her on February 28, 1930, which furnished the basis or consideration for the execution of the note sued upon in this action, is collateral in its nature and unavailing to her in the present state of the record before us.

In the case of *Cates* v. *Seagraves* (1914), 56 Ind. App. 486, 488, 105 N. E. 495, this court said: "There may be a sufficient consideration to support a promise to pay without the payee actually giving anything of value to the obligor, for it will be sufficient if there be any damage, inconvenience or detriment to the promisee, though no actual benefit to the promisor. Where a party voluntarily and without fraud or deception enters into a contract for a consideration and receives all he contracts for, he cannot be relieved on the ground of a want of consideration. Where the consideration is of such a character that it requires the exercise of judgment to determine its value, and the parties uninfluenced by fraud or deception have determined its sufficiency, the courts will not review their decision." See

also *Isgrig* v. *Franklin, etc., Bank* (1913), 53 Ind. App. 217, 101 N. E. 398; *Gregory* v. *Arms* (1911), 48 Ind. App. 562, 96 N. E. 196.

Giving to the evidence the interpretation most favorable to appellee, of which it is susceptible, it fails to show want of consideration for the note sued upon in this action, when scrutinized with the above rules in mind.

Finally the appellee, who was thirty years of age when the acts alleged in her amended sixth and seventh paragraphs of answer occurred says that she was compelled to execute the $400 note because of duress exerted upon her by appellant. In the late case of *United States, etc., Co.* v. *Moon* (1931), 93 Ind. App. 571, 179 N. E. 26, this court discussed at some length duress and the essential elements necessary to be shown in order to be relieved from the performance of a contract, claimed to have been entered into as a result thereof. What the court said in that case is applicable to the facts now before us. Repetition would serve no good purpose. We have searched the record in vain for evidence which would tend to support appellee's contention that her execution of the note sued upon in this action was the result of duress practiced upon her by appellant.

We conclude therefore that the decision of the court was not sustained by sufficient evidence and that it was contrary to law. The judgment is reversed with instructions to the lower court to sustain appellant's motion for a new trial.