MARCELLA H. NICHOLAS, A/K/A E. MARCELLA HALLAL *v.*
D. J. ZIMMERMAN.

[No. 2-872A44. Filed March 14, 1974. Rehearing denied May 13, 1974.
Transfer denied July 12, 1974.]

*David Bikoff, Harrison, Moberly & Gaston,* of Indianapolis,
for appellant.

*Frank E. Spencer,* of Indianapolis, for appellee.

## CASE SUMMARY

BUCHANAN, J.—Defendant-Appellant Marcella Nicholas
(Nicholas) appeals from an adverse court judgment on a
promissory note in favor of Plaintiff-Appellee Daniel J. Zim-
merman (Zimmerman), claiming the judgment is contrary
to law because of lack of consideration for the note.

We affirm.

## FACTS

Considering the evidence most favorable to Zimmerman
and the judgment of the trial court, the facts are:

During the year 1964 Nicholas and Zimmerman negotiated
an agreement by the terms of which Nicholas agreed to pur-
chase an apartment building (Building) in Indianapolis from
Zimmerman for $225,000.

Although Nicholas sought a mortgage loan for the entire purchase price, she was only able to obtain a loan for $185,000.

To enable her to complete the purchase, it was agreed that the remaining $40,000 of the purchase price would be paid by execution of a promissory note in the amount of $20,491.54 and the granting of a life estate to Zimmerman of a small portion of the Building.

On December 8, 1964, documents were executed accordingly.

For several years the parties remained on friendly terms, although Zimmerman received no payments on the note.

By 1968 relations between Nicholas and Zimmerman became strained and on December 20 Zimmerman filed this action seeking recovery of the principal indebtedness of the unpaid note, plus interest.

At the trial a conflict in the evidence developed as to the amount of the purchase price for the Building. Nicholas presented documentary evidence which, in addition to her own testimony, tended to show that the agreed-upon purchase price for the Building did not exceed $185,000 (the amount of the mortgage loan), and that the parties never intended the note to represent partial payment for the Building. Zimmerman presented evidence to the contrary . . . as indicated above.

The trial court, on January 19, 1972, entered judgment for Zimmerman for the principal amount of the note ($20,491.54) and interest ($11,063.00).[1] Nicholas now appeals.

---

1. In a separate action (not involved in this appeal) which was consolidated for trial, Nicholas was awarded $24,053.00 on her counterclaim against Zimmerman, which amount was deducted from the total amount of $31,554.54 awarded to Zimmerman in this case. As a result, Zimmerman was awarded a *net* judgment of $7,501.54 against Nicholas.

## ISSUE

Only one issue has been properly raised by this appeal:

Was the trial court's decision contrary to law because there was lack of consideration for the note?

Even though Nicholas recognizes that Zimmerman testified that the note was executed to make up in part the difference between the purchase price and the amount of the mortgage loan, she contends that the judgment against her was erroneous as a matter of law because the promissory note was not a legally enforceable obligation, *i.e.*, lack of consideration. This conclusion is based on her interpretation of evidence contradictory to that presented by Zimmerman.

In his brief Zimmerman disregards Nicholas's arguments, confining himself to an attack on his opponent's Motion to Correct Errors, which he says does not present any issues for review.

*Waiver of Issues*

Zimmerman is partially correct. The Motion to Correct Errors filed by Nicholas does present two issues, *i.e.*, "[t]he decision of the Court was contrary to law * * * for the reason that said claim for relief [by Zimmerman] was based upon a promissory note which was paid in full or in the alternative failed for want of consideration." It is silent, however, as to issues argued in her brief relating to the negotiability of the note and the application of principles of contract law to the note. Conversely, Nicholas failed to argue the payment issue, though raised in her Motion to Correct Errors.

Therefore, any issue other than the consideration issue is waived. *See*, Rule TR. 59(A)(8), (B), and (G); Rule AP. 8.3(A)(7); *Loeb* v. *Loeb* (1973), 261 Ind. 193, 301 N.E.2d 349; *State* v. *Hladik* (1973), 158 Ind. App. 223, 302 N.E.2d 544; *Daben Realty Co.* v. *Stewart* (1972), 155 Ind. App. 39, 290 N.E.2d 809; *Matthew* v. *State* (1972), 154 Ind. App. 182,

289 N.E.2d 336; *Conley* v. *Lothamer* (1971), 150 Ind. App. 356, 276 N.E.2d 602.

## DECISION

CONCLUSION—It is our opinion that because the evidence was in conflict as to lack of consideration for the note, the trial court's decision was not contrary to law.

Successfully scaling the heights of appeal in Indiana is not accomplished by arguing the evidence. Retrial of the case on appeal is forbidden fruit. Decisions are handed down almost daily stating that on appeal the evidence will not be weighed.

Nicholas's assault on the evidence meets the same fate as many other appellants who seek to upset a judgment on the basis that it is contrary to law. Nicholas had the burden of proof of lack of consideration for the note. As the evidence was in conflict on that subject (as Nicholas admits), the judgment could not be contrary to law.

As to the burden of proving lack of consideration, *see:* IC 1971 26-1-3-408, Ind. Ann. Stat. § 19-3-408 (Burns 1964); Rules TR. 8(C) and 9.1(C); *Citizens Loan and Trust Co.* v. *Boyles* (1936), 102 Ind. App. 157, 1 N.E.2d 292.

As to the standard of review respecting allegations that a decision is contrary to law, *see: Ott* v. *Johnson* (1974), Ind. App., 307 N.E.2d 523; *Hays* v. *Hartfield LP Gas Co.* (1974), 159 Ind. App. 297, 306 N.E.2d 373; *Ver Hulst* v. *Hoffman* (1972), 153 Ind. App. 64, 286 N.E.2d 214; *Senst* v. *Bradley* (1971), 150 Ind. App. 113, 275 N.E.2d 573; *Barton* v. *Mirich* (1971), 149 Ind. App. 395, 273 N.E.2d 115.

The trial court's decision was supported by evidence showing that Nicholas executed the note for consideration, *i.e.*, as partial payment of the purchase price for the Building.

The decision of the trial court is therefore affirmed.

White, J. and Sullivan P.J., concur.

NOTE.—Reported at 307 N.E.2d 900.